### In re WELDPOWER INDUSTRIES, INC., Debtor.

### WELDPOWER INDUSTRIES, INC., Plaintiff,

### v.

### C.S.I. TECHNOLOGIES, INC. Roadway Express, Inc., and McLean Trucking Company, Defendants.

### Bankruptcy No. 82–25.
### Adv. No. 84–0036.

### United States Bankruptcy Court, D. New Hampshire.

### May 2, 1985.

---

James Townsend, Londonderry, N.H., for trustee.

Anthony Marts, Manchester, N.H., for C.S.I.

Robert Christy, Manchester, N.H., for Roadway Express.

Brian McDonough, Manchester, N.H., for McLean Trucking.

John R. Michels, Londonderry, N.H., Trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding involves an action by the debtor seeking recovery of damages from the defendants relating to a pre-bankruptcy transaction whereby the debtor ordered certain items of equipment produced by the defendant C.S.I. Technologies, Inc., a California corporation, which allegedly arrived in defective condition. The debtor also alleges that a letter of credit in the amount of $45,000 was improperly drawn down and paid to the defendant C.S.I. Technologies, Inc., notwithstanding the defective shipment.

This identical lawsuit had been filed in the state courts of New Hampshire prior to the bankruptcy proceeding and was pending in those courts on an objection to *in personam* jurisdiction by the defendant, C.S.I. Technologies, Inc., at the time of the bankruptcy filed on January 18, 1982.

The debtor filed a motion to remove the state court action to the bankruptcy court and by order entered June 9, 1982 the then bankruptcy judge entered the following order on that motion:

It is hereby ordered that the "Application for Removal filed by the debtor is continued until such time as the state court rules on the jurisdictional question. Should the state court rule that jurisdiction is proper, the application for removal will be granted.

Thereafter, the parties proceeded to litigate the jurisdictional question in the state courts resulting ultimately in an order of the Supreme Court of New Hampshire finding no basis for *in personam* jurisdiction under the requirements of due process by virtue of the Fourteenth Amendment to the United States Constitution and dismissing the state lawsuit. See *Weldpower Industries Inc. v. C.S.I. Technologies, Inc.*, 124 N.H. 121, 467 A.2d 568 (1983). On February 7, 1984, C.S.I. Technologies, Inc. brought before the undersigned bankruptcy judge a motion to dismiss the pending removal action pursuant to the foregoing developments. On that date this court entered an order granting the motion and denied removal.

■ On May 7, 1984, the debtor filed the present adversary action in this court seeking the identical relief against the identical parties that were involved in the prior state court lawsuit. The plaintiff filed a motion for partial summary judgment as to the defendant C.S.I. Technologies, Inc., on the basis that there were no material facts in dispute pursuant to an attached affidavit of one Anne George. This particular motion is subject to denial, inasmuch as the defendant C.S.I. Technologies objected to this relief and has submitted its own counter-affidavit of one Richard S. Testut which clearly raises a dispute as to material issues of fact relating to the merits of this litigation.

A more thorny set of issues is raised by the "Cross Motion for Summary Judgment" filed by C.S.I. Technologies, which requests that this court dismiss this adversary proceeding for lack of jurisdiction. Alternatively, C.S.I. asks for a determination that the debtor is collaterally estopped from relitigating the factual issues relating to the "lack of minimum contacts with New Hampshire" that formed the basis for the "no due process" decision of the New Hampshire court. Finally, C.S.I. Technologies, Inc. asks that this court in any event abstain from proceeding with this adversary matter, due to all of the foregoing events, pursuant to 28 U.S.C. § 1334(c)(1).

The debtor responds that the New Hampshire litigation did not, and could not, determine the further and separate due process question under the Fifth Amendment to the United States Constitution as to whether a federal bankruptcy court can exercise *in personam* jurisdiction on a nationwide basis of damage actions against third parties not otherwise involved in a bankruptcy proceeding. The debtor contends that such jurisdiction *can* be exercised, notwithstanding the absence of those minimum contacts with the forum which would otherwise be required to subject an out-of-state defendant to the jurisdiction of the local court under the Fourteenth Amendment. The more refined contention in this regard is that bankruptcy involves a "federal question" which supports *in personam* jurisdiction on a nationwide basis under the Fifth

Amendment, even though there would be no such basis absent the federal question.

The debtor cites the case of *In re Nixon Machinery*, 5 CBC 2d 709 (E.D.Tenn.1981), in support of this contention. While the *Nixon* decision does support a broad and expansive reading of bankruptcy court jurisdiction, it must be recognized that that decision was reached prior to the action of the Supreme Court invalidating bankruptcy court jurisdiction under the 1978 Bankruptcy Code in the case of *Northern Pipeline Company v. Marathon*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). More importantly, and entirely apart from *Marathon* considerations, a serious and substantial constitutional question exists as to whether nationwide *in personam* jurisdiction can be granted the bankruptcy courts even under Fifth Amendment due process considerations. See Note, "Bankruptcy and the Limits of Federal Jurisdiction," 95 Harvard Law Review 703–722 (January 1982).

■ The court concludes that in the "interest of justice" and in the "interest of comity with state courts" this court should abstain from trying this adversary proceeding; that the adversary proceeding should be dismissed; and that the dismissal of the adversary proceeding should be without any prejudice to litigation by the debtor against the defendant C.S.I. Technologies Inc. in the appropriate state court.

While the June 9, 1982 order of Judge Betley is not explicit, it is clearly implicit in that order that if the state court ultimately were to rule that jurisdiction was improper the pending application for removal to the bankruptcy court would be denied. This in fact was the basis for the ruling of the undersigned bankruptcy judge on February 7, 1984 dismissing the pending removal action. In that context, there would have been no point to referring the matter back to the state courts for litigation of the *in personam* jurisdictional question if the entire matter being referred could be rendered futile by the simple expedient of filing a separate adversary proceeding in this court asking the same relief against the same parties. Such an adversary pro-

ceeding of course could have been filed independently back in 1982 at any time after the commencement of these bankruptcy proceedings.

Since the debtor could have avoided the time and expense it allowed C.S.I. Technologies, Inc. to expend resolving this issue in the state courts, by bringing its own adversary proceeding in this court in 1982, rather than 1984, and since abstention by this court will not preclude the debtor from litigating the matter elsewhere, the court concludes that the interest of justice between the parties requires that this court abstain and permit the parties to proceed outside the bankruptcy court, as was obviously contemplated by both the parties and the prior bankruptcy judge in the event *in personam* jurisdiction was found to be lacking in the New Hampshire courts.

Alternatively, the court concludes that abstention is also supported by the consideration that a substantial federal constitutional question as to nationwide *in personam* jurisdiction for damage actions in the bankruptcy courts can be avoided, and should be avoided, on the particular procedural facts involved in this record. A separate order of abstention and dismissal will be entered.