IN THE OREGON TAX COURT

FSLIC,
As Receiver for Citizens
Savings & Loan Association

*v.*

DEPARTMENT OF REVENUE

(TC 2911)

Christopher K. Robinson, Portland, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 16, 1990.

## CARL N. BYERS, Judge.

This case involves the value of certain property in Marion County as of January 1, 1986, and January 1, 1987. The parties have stipulated the facts and submitted the case to the court on cross-motions for summary judgment.

On the assessment dates in question, the property was owned by Citizens Savings & Loan Association (Citizens). Citizens appealed the January 1, 1986, value of the property to the Marion County Board of Equalization.[1] It requested the board to reduce the value from $1,142,400 to $750,000. The board issued an order granting Citizen's request. The assessor increased the value of the property for January 1, 1987, to $765,000 and gave notice of the increase to Citizens. However, Citizens did not appeal the increased value.

In January 1988, plaintiff closed Citizens and the property was transferred to plaintiff as a receiver. On or about August 5, 1988, plaintiff filed a petition with defendant under ORS 306.115. In that connection, the parties stipulated:

"Plaintiff has amended its earlier request for reduction from $600,000 to a reduction to $525,000 pursuant to an appraisal report done by Spence Powell, MAI."[2]

On October 4, 1989, defendant issued its Opinion and Order No. 88-2140 denying plaintiff's appeal on the grounds that it did not come within any of the conditions set forth in ORS 306.115.

■ A preliminary issue in this case is whether plaintiff is barred from seeking relief for 1986 under ORS 306.115 because it appealed to and obtained relief from the board of equalization. In *J. R. Simplot Co. v. Dept. of Rev.,* 11 OTR 245, 249 (1989), this court found that:

---

[1] The Stipulated Statement of Facts states:

"4. The parties to this appeal acknowledge that the Opinion and Order is erroneous in its statement that the 1986-87 assessment was not appealed to the county Board of Equalization. Citizens appealed the 1986-87 valuation to the Board of Equalization, requesting that the value be reduced to $750,000."

[2] It is not clear whether plaintiff amended its request before defendant issued its opinion and order. Plaintiff's complaint mentions both years, alleges an "actual true cash value" of $600,000 for only one year, but prays for a judgment in the amount of $525,000 for both years. Based on the stipulation of the parties, the court assumes that plaintiff is attempting to establish the value of the property at $525,000 for both years.

"[A] taxpayer may petition the department for relief under ORS 306.115(3)(b) after having appealed to the board of equalization for that same year."

Defendant seeks to distinguish *Simplot* on the ground that in this case plaintiff sought and received complete relief from the board of equalization. Defendant argues that plaintiff was "not aggrieved" and could not have appealed in the normal process. Defendant cites the general rule that a party may not appeal from a judgment which the party voluntarily requested.

The fallacy of defendant's argument is that plaintiff is not appealing from the board of equalization order.[3] Rather, plaintiff is seeking correction of an error under ORS 306.115.

■■ ORS 306.115 is a grant of supervisory power to defendant. That grant authorizes defendant to "do any act or give any order" it deems necessary so all property may be taxed or exempted according to law. When a taxpayer petitions defendant under ORS 306.115, it is not "appealing" in the usual sense from an action of an assessor or board of equalization.[4] It is helping defendant to "discover" a reason to correct the tax roll. ORS 306.115 does not establish any appeal rights for a taxpayer. The department merely utilizes petitions by interested persons as a means of having the need for correction brought to its attention. OAR 150-306.115. More important, defendant is not limited to acting upon taxpayer petitions. Defendant is charged by law with the duty to correct errors regardless of how it may discover them.

Having determined that plaintiff was not precluded from seeking correction of an error under ORS 306.115, the next question is: Did defendant err in determining that plaintiff did not come within any of the conditions of that statute?

The parties have stipulated that plaintiff relies upon ORS 306.115(3)(a)(B) and ORS 306.115(3)(a)(C).

---

[3] Plaintiff's appeal, filed some two years after the board issued its order, would have been barred by the statute of limitations.

[4] Likewise, an appeal under the normal appeal process does not invoke the department's supervisory power. *Esco Corp. v. Dept. of Rev.,* 307 Or 639, 772 P2d 413 (1989).

■ ■   ORS 306.115(3)(a)(B) provides for correction of a "gross error." However, ORS 306.115(3)(b) also expressly provides that in the case of nonresidential property, if a notice of valuation of the property was sent to the owner, the department cannot change or correct an assessment. The parties in this case have stipulated that notices of property evaluation were sent for each of the years to Citizens. Plaintiff, as a receiver, takes the property subject to the same equities and conditions as existed in the hands of Citizens. *Geroy v. Upper And Knight v. Barry,* 182 Or 535, 187 P2d 662 (1948). Accordingly, defendant cannot correct a "gross error" with regard to the subject property even if plaintiff proved that an error existed.

■   ORS 306.115(3)(a)(C) authorizes the department to correct the roll "in its discretion" if "it discovers other reason" to do so. The department has adopted administrative rule OAR 150-306.115(3)(b)(B) defining the "extraordinary circumstances" under which the department will exercise its discretion. Briefly summarized those circumstances are:

(1)   Taxation of nonexistent or exempt property or property outside the jurisdiction;

(2)   Taxpayer clerical errors in reporting the value of personal property;

(3)   Bona fide purchaser who receives no notice of an assessment within the normal appeal period;

(4)   Where a question of fact of interest to the department exists which is not within any other provision of ORS 306.115 and does not involve an error in valuation judgment; and

(5)   The parties agree to facts indicating that it is likely an error exists on the roll.

Defendant found that plaintiff did not come within any of the above conditions. Plaintiff has not alleged facts nor have the parties agreed to facts which would bring it within any of the conditions.

Based on the above, the court finds that plaintiff has failed to establish facts bringing it within any of the conditions in ORS 306.115. Accordingly, defendant's Opinion and

Order No. 88-2140, dismissing plaintiff's petition, must be sustained. Now, therefore,

IT IS ORDERED that plaintiff's Motion For Summary Judgment be, and hereby is, denied; and

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgment be, and hereby is, granted. Defendant to recover its costs.