### In re HOWARD INDUSTRIES, INC., Debtor.

### Bankruptcy No. 2–91–09887.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 15, 1994.

---

Terrence A. Grady, Hahn Loeser & Parks, Columbus, OH, for debtor.

Brenda L. Dodrill, Asst. U.S. Atty., Columbus, OH, Leslie M. Singer, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S., I.R.S.

## *OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT*

BARBARA J. SELLERS, Bankruptcy Judge.

Before the Court is the second objection of Howard Industries, Inc. ("Howard") to an amended proof of claim filed by the United States of America, Internal Revenue Service, ("IRS"). The Court has held several pretrial conferences regarding this contested matter and commenced a hearing. Following a recess of that hearing the parties agreed that certain matters could be submitted by summary judgment. IRS filed its motion for summary judgment to which Howard responded. That motion is presently before the Court.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine. Additionally the plan of reorganization proposed by Howard and confirmed by the Court retains this Court's jurisdiction for determination of this matter.

## I. *FACTS AND POSITIONS OF THE PARTIES*

The facts surrounding this matter are complicated and involve a previous chapter 11 proceeding for Howard.[1] For purposes of IRS' motion for summary judgment, the Court need not reach the remaining factual issues related to that prior case. What follows is an oversimplified statement of the positions of each party.

Howard's objection to IRS' amended proof of claim seeks an offset against the amount of that claim. The basis for that offset is best stated in the claim for refund Howard filed with IRS on August 13, 1993. See exhibit 1, IRS motion for summary judgment. Howard contends that in the years preceding this second chapter 11 case, IRS applied Howard's current payments to tax liabilities that had been settled and paid or discharged during or immediately after the first chapter 11 case. Howard argues that

---

1. That previous chapter 11 was commenced in 1981 with a plan confirmed in 1985.

IRS' misapplication violated the discharge injunction of 11 U.S.C. § 524 as issued in the first chapter 11 case. Additionally, Howard contends that IRS' misapplication forced Howard to make excess payments to IRS between August 1, 1991 and December 31, 1991. Howard concludes that the amount claimed by IRS on its amended proof of claim should be reduced by the amount of the requested refund and restated to reflect accurately principal, penalties and interest owing to the IRS.

Initially, IRS does not concede that a misapplication occurred. Even if such misapplication is shown, however, IRS contends that the statute of limitations in 26 U.S.C. § 6511(a) bars any offset. IRS contends that it has not waived sovereign immunity with respect to the debtor's claims and, thus, no monetary award can be had against it.

Finally, IRS makes arguments about a group of "specific objections" raised by Howard. The 55 "specific objections" referred to by IRS do not appear to be objections to the amended proof of claim, but rather appear to be an index to the documentation Howard uses for its estimate of the IRS claim. This index is attached as an exhibit to the claim objection. The documentation, however, has not been filed with the Court. Any resolution of those so-called "objections" is premature and would not be appropriate for summary judgment. The only preliminary issue IRS has raised which must be decided is whether the reduction sought by Howard is time barred under 26 U.S.C. § 6511(a).

## II. *DISCUSSION AND CONCLUSIONS OF LAW*

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed.R.Bankr.P. 7056.

■ IRS contends that even if Howard's alleged facts are accepted as true, it is entitled to judgment as a matter of law. Accord-ingly, the Court need not make any findings regarding the facts of this matter. This decision is limited to the legal arguments raised and briefed by the parties.

The crux of IRS' argument is that Howard's objection to its amended claim and request for setoff are time barred under 26 U.S.C. § 6511(a) which provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid ... 26 U.S.C. § 6511(a).

Howard filed a claim with IRS on August 13, 1993 and requested a refund for payments made between August 1, 1991 and December 31, 1991 in the amount of $147,858.00. IRS does not dispute that this request was filed properly, but asserts that it was not timely because it was not filed within 2 years of the time the tax was paid. On its face, however, Howard's claim for refund is timely with respect to tax payments made after August 13, 1991.

That finding does not end the analysis, however. In the notes accompanying the August 13, 1993 claim for refund, Howard explains its somewhat complicated methodology in arriving at the amount sought for refund. According to Howard, the problems began when IRS applied current tax payments made by Howard between 1985 and August 1, 1991 to taxes supposedly discharged or paid in connection with the first chapter 11. Howard contends that it did not owe taxes for any pre–1985 periods because it reached and paid a settlement of administrative and prepetition tax claims in that case and any other claims were discharged. Howard believes that IRS' erroneous application of monies paid later caused it to fall behind in taxes from 1985 through 1991 and accrue penalties and interest unnecessarily. Howard concludes in its claim for refund that "since the liabilities were not [owing to pre–1985 taxes], the Taxpayer is due a refund for

the payments that were made during the period August 1, 1991 through December 31, 1991 that were applied by the Service against liabilities that arose as a direct result of these misapplied payments."

IRS contends that any overpayments of tax because of misapplications between 1985 and August 1, 1991 cannot be refunded pursuant to 26 U.S.C. § 6511(a) and, therefore, Howard's objection to its amended proof of claim should be overruled.

If Howard were seeking a refund for taxes paid between 1985 and August 1, 1991, the provisions of 26 U.S.C. § 6511(a) may bar such a request. But Howard's request for a refund only secondarily relates to those periods. The August 13, 1993 claim for refund is for payments for taxes made between August 1 and December 31, 1991 and seeks a refund only for those payments. Those payments may have been applied to earlier periods. Because of the basis for the claim for refund, however, prior tax payments and their application are necessarily relevant. Their relevancy is limited, however, to the amount of refund sought for payments made between August and December, 1991.

The claim for refund filed by Howard on August 13, 1993 for taxes paid to IRS between August 13, 1991 and December 31, 1991 is timely under 26 U.S.C. § 6511(a), regardless of the underlying basis for that refund. In its argument otherwise, IRS places undue influence on the basis for Howard's arguments. Nothing in 26 U.S.C. § 6511(a), however, prevents examination of earlier tax payments and their application, if such application is alleged to have caused a later overpayment of taxes for which a timely refund claim is filed. Said differently, Howard seeks a refund only for any overpayment of taxes made between August 1, 1991 and December 31, 1991. It is only Howard's reason for claiming the overpayment during that time which involves prior tax periods. The refund request itself relates to the August 13–December 31, 1991 time period and is timely under 26 U.S.C. § 6511(a).

■ Under 26 U.S.C. § 6511(a) the refund filed by Howard is timely only with respect to tax payments made by Howard after August 13, 1991. The refund claim, however, also encompasses tax payments made between August 1, 1991 and August 12, 1991. The refund is not timely with respect to these payments under 26 U.S.C. § 6511(a) and 11 U.S.C. § 108 does not extend that time.

Section 108 provides, *inter alia*:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

The critical question in this matter is whether subsection (a) or (b) applies. If subsection (a) applies, Howard's time for filing a claim for refund would be extended two years from the petition date of December 31, 1991. If subsection (b) applies, however, Howard would be afforded only the time allotted under 26 U.S.C. § 6511(a).

At least one court has interpreted the language "commence an action" to exclude claims for refunds under the tax code. *In re*

*Carter,* 125 B.R. 832, 835 (Bankr.D.Kan. 1991). This Court agrees with the reasoning of the court in *Carter.* It appears that 11 U.S.C. § 108(b) is the more appropriate section under the circumstances of this case. The extension granted under that section is only sixty days from the order of relief or the end of the time period under applicable law. Here Howard had until August 1, 1993 to file the refund claim under 26 U.S.C. § 6511(a). The order of relief occurred on the petition date of December 31, 1991. Thus, 11 U.S.C. § 108(b) does not grant Howard any additional time under the facts of this case. Accordingly, Howard's claim for refund is timely only with respect to payments made to the IRS as of and after August 13, 1991.

Before the Court could determine what portion, if any, of the August 13, 1993 requested refund should be offset against IRS' claim, IRS' application of Howard's payments between 1985 and August 1, 1991 must be examined. That examination is a factual process which is not appropriate for summary judgment.

The Court notes that Howard did not rely upon this analysis in its memorandum contra to IRS' motion for summary judgment. Rather, Howard premised its objection to IRS' proof of claim upon an alleged violation of the discharge injunction issued in the first chapter 11 case. Howard makes other arguments in support of its requested offset also. Because the Court has adopted another analysis and has determined that Howard's claim for refund is timely, those arguments need not be addressed at this time.

Howard acknowledges that certain tax periods are not in dispute and that for these summary judgment is appropriate. Those tax periods are represented on debtor's exhibits (not filed with the Court) E–11 through E–15, D–7, D–3, E–18, D–6, F–1, H, J and N. The remaining issues to be decided are factual and will require the presentation of evidence.

Based upon the foregoing, the Court finds that Howard's claim for refund filed August 13, 1993 is timely under 26 U.S.C. § 6511(a) only with respect to payments for taxes made by Howard to IRS between August 13, 1991 and December 31, 1991. The Court must next determine if the claimed refund is valid and can be used as an offset against IRS' claim. Accordingly, IRS' motion for summary judgment is denied except to the extent conceded by Howard to be appropriate.

The Court will hold a further pretrial conference in this contested matter on October 25, 1994 at 4:00, in Room 147, U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215. At such time a discovery schedule will be established and a trial date set.

**IT IS SO ORDERED.**