IN THE TAX COURT OF THE
STATE OF OREGON

Anita M. McGILL

*v.*

DEPARTMENT OF REVENUE

(TC 3666)

W. Scott Phinney, Lake Oswego, represented plaintiff (taxpayer).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered September 6, 1996.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals the denial of her request for review of the subject property's assessed value under the Department of Revenue's (department) supervisory powers. The department filed a Motion for Summary Judgment asserting that as a matter of law, it did not abuse its discretion in denying taxpayer's request. The court has considered the written and oral arguments of the parties.

Taxpayer owns a commercial building in Washington County. She did not appeal the 1991-92 assessed value to the board of equalization or to the board of ratio review. On December 30, 1993, taxpayer filed a petition with the department seeking a reduction in the assessed value under the department's supervisory authority. The petition expressed an intent to "establish facts indicating likelihood of error on the tax rolls for the 1991-92 tax year. Additional data to be submitted under separate cover."

The information later submitted showed that taxpayer had appealed the 1993-94 value to the county board of equalization. Upon recommendation of the Washington County Department of Assessment and Taxation (assessor), the board of equalization reduced the 1993-94 assessed value. The information also recited specific facts to support taxpayer's claim that the condition and use of the building for 1991-92 were such that there was a likelihood of error on the roll for that year. There is no indication this information was furnished to the assessor by either the department or taxpayer. The department did send a copy of taxpayer's initial petition to the assessor. It also sent the assessor a form entitled "County Information Request" seeking information from the assessor about the subject property. Question 6 on that form asked: "Will the county assessor state that an error may exist on the roll?" The response box was marked "No."

Based on the information submitted, the department determined that taxpayer had failed to meet any of the standards required for the department to exercise its supervisory authority. Taxpayer now appeals to the court from that determination. Taxpayer claims that the department's own rule requires it to grant taxpayer a hearing to determine if taxpayer qualifies for relief.

## ISSUE

Did the department abuse its discretion in denying taxpayer's petition under ORS 306.115?

## ANALYSIS

ORS 306.115 grants general supervision and control over the system of property taxation throughout the state to the department. It authorizes the department to change or

correct an assessment or tax roll within limited time periods and under certain conditions. The relevant portion of ORS 306.115[1] provides:

> "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax yeàrs immediately preceding the current tax year if for the year to which the change or correction is applicable:
>
> "(a)   * * *
>
> "(b) The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

To implement this grant of discretionary authority, the department has adopted administrative rules. OAR 150-306.115(3)(b)(A) provides, in part:

> "The substantive issue in an appeal will be considered under ORS 306.115(3)(b) when:
>
> "* * * * *
>
> "(ii) The parties to the appeal agree to facts which indicate it is likely that an error exists on the roll."

■■   This court has previously pointed out that petitions under ORS 306.115 are not appeals in the traditional sense. A taxpayer's petition is merely one means of helping the department "discover" reasons to correct the roll. *FSLIC v. Dept. of Rev.*, 11 OTR 389 (1990).[2] Consistent with this framework, the department "has no duty to investigate individual cases outside of the information presented to it by the taxpayer." *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 279 (1995).

---

[1] All references to the Oregon Revised Statutes and accompanying rules are to 1993.

[2] The rule's use of the word "parties" is misleading. The department may consider the assessor a party because the petition form must comply with the requirements of ORS 305.275. That statute implies that in normal tax appeals under 305.275, the taxpayer and the county assessor are parties to the appeal. However, following the form for petitions under ORS 305.275 does not make a petition under ORS 306.115 an appeal under ORS 305.275.

Taxpayer claims that the department's form and its decision are based upon a wrong standard and this error rises to the level of abuse of discretion. The department's opinion and order states that the department will grant a merits hearing "when both the petitioner and the county assessor * * * acknowledge that there may be an error in the roll value." (Emphasis omitted.) Similarly, the form submitted to the county assessor asks: "Will the county assessor state that an error may exist on the roll?"

Taxpayer is correct in that both the order and the form ask the wrong question. The question is not whether the assessor agrees there may be an error on the roll. The question is whether the assessor agrees to facts. "It is left to the defendant to determine whether those facts indicate that it is likely an error exists on the roll." *Ohio State Life Ins. Co. v. Dept. of Rev.*, 12 OTR 423, 426 (1993).

■      Based on this record, the court must conclude that the department misapplied its own rule. In so doing, the department may have ignored important facts which, if the department had applied the rule correctly, may have resulted in a different decision by the department. *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976). The court is unable to measure the department's discretionary decision against the facts when the department applies the wrong standard. Accordingly, this matter should be remanded to the department for reconsideration of taxpayer's petition under the correct standard. Now, therefore,

IT IS ORDERED that department's Motion for Summary Judgment is denied and,

IT IS FURTHER ORDERED that this matter is remanded to the Department of Revenue for proceedings consistent with this order.