**In re CGE SHATTUCK LLC, Debtor.**

**CGE Shattuck LLC, Plaintiff,**

**v.**

**Town of Jaffrey, New Hampshire, Defendant.**

**Bankruptcy No. 99–12287–JMD.**
**Adversary No. 00–1148–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

Dec. 21, 2001.

---

John Cronin, Wenger & Cronin, P.C., Manchester, NH, for plaintiff.

Edmond Ford, Ford and Weaver, P.A., Portsmouth, NH, Chapter 7 Trustee.

James Raymond, Upton, Sanders & Smith, L.L.P., for defendant.

### MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

On November 16, 2001, the Court held a hearing on a Motion by the Town of Jaffrey for Summary Judgment and for Abstention (the "Motion for Summary Judgment" or the "Motion for Abstention" respectively) filed by the Town of Jaffrey, New Hampshire (the "Town"). After hearing from all parties, the Court set a schedule for submitting post-hearing briefs and took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

On November 16, 2000, the Plaintiff, CGE Shattuck LLC (the "Debtor") filed a complaint pursuant to 11 U.S.C. § 505(b).[1] The complaint alleged that the tax valuations of the Debtor's property for the 1996 through 2000 tax years were excessive and disproportionate to those set for other properties. Accordingly, the Debtor sought a refund of any excess property taxes that had already been paid and abatement of property taxes that had not been paid. On September 14, 2001, the Town filed its motion seeking summary judgment on the refund claims and discretionary abstention by the Court on the abatement claims. In addition, the Town sought summary judgment on the so called "discretionary easement" claim.

At the hearing on November 16, 2001, the parties agreed that all pre–1998 property taxes (1996 and 1997 tax years) had been paid by the Debtor. The parties also agreed that the Debtor had not paid property taxes owing for the 1999 and 2000 tax years. As for the 1998 tax year, the parties were not one hundred percent sure that all of the 1998 taxes had been paid by the Debtor.[2] However, the parties did agree that the Debtor had sought an abatement for the 1998 property taxes from the selectmen and that the appeal period under applicable state law from any decision rendered by the selectmen had not expired prior to the Debtor's filing for bankruptcy protection.

## III. DISCUSSION

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the

---

1. At the time the adversary proceeding was filed the Debtor was acting as a debtor-in-possession in a Chapter 11 bankruptcy proceeding. Subsequent to the filing of this adversary proceeding the Debtor's case was converted to Chapter 7.

2. As the outcome of the Town's motion does not turn on whether the 1998 taxes were paid, for the purposes of this opinion the Court assumes that the 1998 taxes were either paid in full or substantially paid in full. The Court wishes to make it clear that it is not making any determination with regards to whether the 1998 taxes were in fact paid in full. This is a question of fact for trial.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 38 (1st Cir. 1993) (citations omitted). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

### 1. Discretionary Easements

In its complaint the Debtor alleged that the Town had not granted discretionary easements as they should have and that as a result the Debtor had been over assessed with regards to property taxes. *See* Doc. No. 1. However, the Debtor's prayer for relief did not include a separate request relating to the discretionary easement issue. *Id.*

When questioned at the November 16, 2001, hearing, the Debtor conceded that the allegations on discretionary easements would be supportive evidence at trial on the refund and abatement issues, but had not been pled as a separate claim. The Town agreed with the Court that since the discretionary easement issue was not included in a separate prayer for relief, a

request for summary judgment was not proper. Accordingly, the Town's request for summary judgment on the discretionary easement issue is denied.

### 2. Pre–1998 Refund Claims

The Debtor has argued that regardless of whether the state statute of limitations for appealing a decision by the selectmen regarding abatement has expired, the Debtor has a right to seek a refund of taxes under section 505.[3] The Debtor claims that as long as it had timely requested an abatement from the town selectmen it may seek a refund under section 505. The Court does not agree with the Debtor's arguments.

A court may not determine the estate's right to a tax refund any earlier than 120 days after the trustee has properly requested a tax refund from a governmental unit or the date of such governmental unit's determination of any such request. *See* 11 U.S.C. § 505(a)(2)(B). This Court has previously examined this portion of section 505 and discussed what is meant by the phrase "properly requested a tax refund." *See EUA Power Corp. v. Town of Seabrook,* 184 B.R. 631 (Bankr.D.N.H. 1995). Under *EUA* this Court held that a Debtor may not seek a refund for taxes already paid unless the Debtor or the trustee had requested a refund within the time period set by state law. *See Id.* at 634. If the statute of limitations for seeking an abatement under state law had expired prior to the commencement of a section 505 action, then the trustee did not properly request a tax refund and the Court has no right under the statute to determine the estate's right to a refund. *See id.;* 11 U.S.C. § 505(a)(2)(B)(i).

---

**3.** Unless otherwise stated all references to code sections are to Title 11 of the United States Code.

█ In this particular case, the appeal period for the pre–1998 tax years had expired prior the Debtor's filing for bankruptcy protection. Therefore, the Debtor had not preserved its rights under state law and may not seek a refund under section 505 for the pre–1998 tax years. Accordingly, the Town's Motion for Summary Judgment is granted for the 1996 and 1997 tax years.

### 3. 1998 Refund/Abatement Claim

As for the 1998 tax year, the Town admits that the appeal period had not expired prior to the filing of the July 1999 bankruptcy petition. In such situations, where the time to either commence an action or appeal an adverse decision has not expired prior to filing for bankruptcy, section 108 proscribes the time frame in which the Debtor must act post-petition in order to preserve its rights. Under section 108(a) if nonbankruptcy law establishes a deadline for the Debtor to commence an action and the time period has not expired prior to the filing of the bankruptcy petition, the Debtor would have until the longer of the time period under the state statute of limitations or two years after the order for relief is entered in which to commence such an action. 11 U.S.C. § 108(a). Under section 108(b) if nonbankruptcy law establishes a deadline for the Debtor to "file any pleading, demand, notice, or proof of claim loss, cure a default, or perform any other similar act" and the time period has not expired as of the petition date, the Debtor has until the longer of the time established by the state statute of limitations or sixty days after the order for relief is entered in which to file any of the aforementioned documents. 11 U.S.C. § 108(b).

In this particular case whether section 108(a) or (b) applies is crucial. This adversary proceeding was not filed until November 16, 2000, and the parties agree that the state statute of limitation for appealing the selectmen's decision would have expired on September 1, 1999. If section 108(b) applies to this case, the Debtor's rights under state law would have expired on September 14, 1999 (sixty days after the order for relief was entered). Therefore, if section 108(b) applies, the Debtor would have no right to seek a refund under section 505 with regards to the 1998 taxes. However, if section 108(a) applies, the Debtor would have had until the later of September 1, 1999 or July 16, 2001 (two years after the entry of the order for relief), to appeal the selectmen's decision, and its claim for a refund of 1998 taxes would not be barred.

█ Section 108(a) determines the time within which a trustee may "commence an action." See 11 U.S.C. § 108(a). An "action" ordinarily means a lawsuit brought in a court. See TLI, Inc. v. U.S., 100 F.3d 424, 427 (5th Cir.1996) (citing Fed.R.Civ.P. 3; Black's Law Dictionary 28 (6th ed.1990)). An appeal from a decision of a lower federal court does not constitute the commencement of an action, but rather the continuation of an action, and section 108(b) rather than section 108(a) governs the time for a trustee to file such notice. See Roberts v. Comm'r of Internal Revenue, 175 F.3d 889, 898 (11th Cir.1999) (the filing of an appeal from a tax court decision is governed by section 108(b)). However, when federal law requires a taxpayer to file an administrative request prior to filing a lawsuit in a federal court, the administrative request is not the commencement of an action for the purposes of section 108(a) because the filing of the request is not the commencement of a lawsuit in a court. TLI, Inc., 100 F.3d at 427 (citing In re Howard Indus., Inc., 170 B.R. 358, 361–62 (Bankr.S.D.Ohio 1994); In re Carter, 125 B.R. 832, 836 (Bankr. D.Kan.1991); Lynch v. Rogan, 50 F.Supp.

356, 357–58 (S.D.Cal.1943)) (decided under 11 U.S.C. § 29, the Bankruptcy Act predecessor of section 108(a)). Thus, the time to file such an administrative request is governed by section 108(b). *See id.*

In New Hampshire a taxpayer that seeks a property tax refund must first file a request for abatement with the town selectmen by March 1st following the date of notice of the tax. *See* RSA 76:16. If the taxpayer receives an adverse decision from the town selectmen the taxpayer may pursue one of two options. The taxpayer may either file an appeal of the selectmen's decision with the board of tax and land appeals (the "Board") or the taxpayer may file an appeal of the decision in the state superior court. *See* RSA 76:16–a(I); RSA 76:17.[4]

■ At first blush it appears that section 108(b) applies to this case because applicable state law describes the act which must be performed by the taxpayer by September 1st as the filing of an "appeal" of the selectmen's decision regarding the abatement request. However, upon examination of the cases it becomes clear that the filing of an "appeal" with the Board or the superior court is not an appeal in the usual legal sense of the word. In considering the "appeal" of abatement decisions by town selectmen, both the Board and the superior court may hear any relevant evidence and are not limited to reviewing evidence presented to the town selectmen. *See, e.g. LSP Ass'n v. Town of Gilford,* 142 N.H. 369, 371–74, 702 A.2d 795 (1997) (stating that the superior court's jurisdiction with regards to tax abatement is appellate, but also discussing the witnesses and evidence presented during a two day trial conducted by the superior court); *Arlington Mills v. Salem,* 83 N.H. 148, 154, 140 A. 163 (1927) (selectmen may abate taxes for good cause, "[b]ut this does not mean that the plaintiff on appeal is restricted to a retrial of only such causes as were supported by evidence at the original hearing"); *Ingeborg v. Town of Sunapee,* Doc. No. 17838–98PT (N.H.Bd. of Tax and Land Appeals 2000) (discussing the testimony and evidence that the Board heard in a tax abatement appeal); *Schult v. Town of Goffstown,* Doc. No. 15059–94PT (N.H.Bd. of Tax and Land Appeals 1997) (discussing the evidence that the Board heard during a tax abatement appeal). Therefore, while not so stated in either the Board's or the superior court's decisions, the standard of review for an "appeal" of the property tax abatement decision of the town's selectmen is *de novo.* The request for abatement that is made to the selectmen is simply an administrative procedure that must be followed prior to the taxpayer being eligible to proceed to a judicial or quasi-judicial forum.

The Court, therefore, finds that under New Hampshire law an "appeal" of a city's or town's decision on abatement of property taxes to the Board or the superior court constitutes the commencement of a case within the meaning of section 108. The taxpayer and the town may present evidence, witnesses, and arguments not presented to the selectmen. The Board or the superior court is not limited to a review of the findings of fact and conclusions of law made by the town selectmen. Therefore, since the deadline for commencing a tax abatement case before the Board or the superior court had not expired as of the petition date, the Court finds that section 108(a) applies to the 1998 tax year. Accordingly, the Debtor had properly preserved its rights to seek a

---

**4.** Regardless of which path the taxpayer uses to appeal the selectmen's decision, the appeal must be filed by September 1st following the date of the tax notice. *See* RSA 76:16–a(I); RSA 76:17.

refund under 11 U.S.C. § 505 and the Town's Motion for Summary Judgment is denied with regards to the 1998 tax year.

### B. Abstention

The Town argues that the Court should abstain from hearing the Debtor's request for tax abatements for the post–1998 tax years. The Town points out that through a settlement agreement that has previously been executed in the Debtor's main bankruptcy case (Bk. No. 99–12287), the estate will only receive 10% of any recovery obtained in this adversary proceeding. As the benefit to creditors is minimal, the Town believes that the Court should abstain from hearing the Debtor's request for abatement.

■ Under 28 U.S.C. § 1334(c)(1) this Court may abstain from hearing a proceeding if it is "in the interest of justice, or in the interest of comity with State courts or respect for State law." In certain circumstances involving state law causes of action that are related to a bankruptcy, case, but do not arise in the bankruptcy case or under the Bankruptcy Code, the Court is required to abstain from hearing the proceeding. 28 U.S.C. § 1334(c)(2). As this proceeding arises under the Bankruptcy Code, mandatory abstention is not applicable.

■ "Discretionary abstention applies to both core and non-core proceedings." *Ford v. Clement*, 1999 BNH 010, 3 (quoting 1 King et al., *Collier on Bankruptcy* ¶ 3.05[1], at 3–69 (15th rev. ed.1998)). Further,

[a]lthough section 1334(c)(1) grants discretionary abstention power to the "district court," there is authority for the position that such power is also granted to the bankruptcy courts. *See In re Elegant Concepts, Ltd.*, 61 B.R. 723, 727 (Bankr.E.D.N.Y.1986); *In re Huddle-*

*ston*, 107 B.R. 102, 103 (Bankr.E.D.La. 1989); *In re Weldpower Indus., Inc.*, 49 B.R. 46, 48 (Bankr.D.N.H.1985) (bankruptcy court abstaining under 28 U.S.C. § 1334(c)(1)). The Court concludes that pursuant to the general referral structure of 28 U.S.C. §§ 1334 and 157, and the Standing Order of Referral, it has the power to abstain from hearing a particular proceeding. *Id.*

■ In this case the Court sees no reason to abstain from hearing the proceeding. While the proceeding does involve state law, the outcome affects the bankruptcy estate. The Town has argued that the benefit to creditors and the estate is small because the estate only receives 10% of any recovery under the terms of a prior settlement agreement in the Debtor's main bankruptcy case. While the estate may only receive 10% of any recovery in this case the estate has already received a much larger benefit through the prior settlement agreement. The prior settlement subordinated claims and contained other provisions that were of a benefit to creditors and the estate. The ability to pursue this section 505 action was part of the bargained for consideration in the settlement agreement. Accordingly, the Court finds that it is not in the interest of justice or comity with state law for the Court to abstain from hearing this proceeding. The Town's Motion for Abstention is denied.

### IV. CONCLUSION

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.