IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

TIMOTHY R. RALSTON,                    )
                                       )
            Plaintiff,                 )     TC-MD 111202C
                                       )
      v.                               )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
            Defendant.                 )     **DECISION**

The matter was submitted to the court on stipulated facts and cross-motions for summary judgment. Timothy Ralston (Plaintiff) filed his Complaint on November 10, 2011, appealing the Department of Revenue's (Defendant's) Conference Decision, wherein Defendant declined to use its supervisory powers under ORS 306.115.[1] A case management conference was held on January 19, 2012. The parties filed Stipulated Facts on January 31, 2012. Defendant filed its Motion for Summary Judgment on February 16, 2012, and Plaintiff filed his Motion for Summary Judgment on February 17, 2012. Oral argument was held on March 12, 2012. Plaintiff was represented by Christopher K. Robinson and Sharon B. Tuppan, Attorneys at Law. Defendant was represented by Nina Englander and Keith L. Kutler, Assistant Attorneys General.

I. STATEMENT OF FACTS

Plaintiff filed for Chapter 11 Bankruptcy on July 15, 2009, after which the United States Bankruptcy Court issued an Order for Relief on July 16, 2009. (Plaintiff's Mot for Summ J at 3; Stip Facts at 3.) Plaintiff subsequently petitioned Defendant on November 23, 2010, for reductions in the real market value, maximum assessed value, and assessed value of real property identified in the Multnomah County Assessor's records as Accounts R553372 and R553373

---

[1] All references to the Oregon revised Statutes (ORS) and United States Codes (USC) are to 2009.

(subject property) for the 2007-08 tax year. (Stip Facts at 3.) Plaintiff's petition to Defendant was filed under ORS 306.115, a statute granting Defendant the discretionary authority to order changes or corrections to the assessment or tax roll for the "current" and two "immediately preceding" tax years (a three year window). (*Id*.)

On August 11, 2011, Defendant issued Conference Decision 10-0324 dismissing Plaintiff's request for relief. (*Id*. at 3-4.) Defendant dismissed Plaintiff's request based on a determination that the 2007-08 tax year was beyond its three-year review window provided in ORS 306.115(3), measured against the date the petition to Defendant was filed. (*Id*.) Defendant determined that the petition was timely under section 108, but that the bankruptcy code did "not extend the period over which [Defendant] has authority [under ORS 306.115]," which extended only back to the 2008-09 tax year. (*Id*.) In its Conference Decision regarding Plaintiff's petition, Defendant wrote:

> "The order for relief in [Plaintiff's] bankruptcy case was issued on July 16, 2009. Thus, [Plaintiff] had until July 16, 2011 to commence any 'new action' where the time for doing so had not expired before the bankruptcy was filed. The petition to [Defendant] can be considered a new action because it is not a continuation or appeal of any previous BOPTA or tax court decision. Therefore, [Plaintiff's] petition to [Defendant] was timely under §108 and meets the criteria of the bankruptcy code.
>
> "However, even though the tax code may have allowed [Plaintiff] to begin a new action at the time the petition to [Defendant] was filed, it does not extend the period over which [Defendant] has authority. It is ORS 306.115 that establishes those limits and the period over which [Defendant] has authority includes only the 2010-11, 2009-10, and 2008-09 tax year. [Defendant] has no authority to look beyond those years."

(*Id*. at 3.)

Plaintiff contends that 11 USC section 108(a) extends the time that a petition may be filed and reviewed under ORS 306.115. (Ptf's Mot for Summ J at 4.) Plaintiff argues that Defendant abused its discretion by dismissing his petition for lack of jurisdiction over the

2007-08 tax year while at the same time finding that his petition met the criteria of section 108(a). (*Id*. at 1.)

Plaintiff contends that supervisory appeals under ORS 306.115 are "actions" within the meaning of section 108(a) because of their similarities in procedural structure to suits. (*Id*. at 4.) In support of its position, Plaintiff cites *Black's Law Dictionary* as stating that "[a]n action ordinarily means the demand of someone's right, and is synonymous with suit." (*Id*.) Plaintiff then highlighted the similarities between the structure of a supervisory appeal and a suit: both involve the filing of a petition to commence the case, the presentation of evidence, a final decision based upon the record in evidence, and the appeal rights of those decisions. (*Id*.)

Plaintiff also contends that, in failing to apply the tolling provision of section 108(a) to his petition, Defendant was ignoring the bankruptcy protections afforded under that statute. (*Id*. at 5-6.) Plaintiff cites *In re Read*, 442 BR 839, 845 (2011), wherein the court held that the purpose of section 108(a) is to give the "debtor in possession time to take the necessary action so that the estate does not lose the benefit of the right to bring an action that would otherwise result under nonbankruptcy limitation periods." (*Id*. at 5.) It is Plaintiff's position that section 108(a) affords a taxpayer a longer period of time to enforce a right than they otherwise would have had under ORS 306.115. (*Id*. at 6.)

Defendant contends that Plaintiff was not afforded the protection of section 108(a), because ORS 306.115 does not create a "right of appeal" and section 108(a) only applies to preserving a debtor's right to "commence an action." (Def's Mot for Summ J at 3.) It is Defendant's contention that "[f]iling a petition pursuant to ORS 306.115 does not constitute 'commenc[ing] an action' for purposes of 11 U.S.C. § 108." (*Id*. at 5.) In support of this position, Defendant cites *FSLIC v. Dept. of Rev*. (*FSLIC*), 11 OTR 389 (1990), stating that the

court determined that a petition filed under ORS 306.115 "is merely 'a means of having the need for correction brought to [Defendant's] attention.' " (*Id*. at 6.)

Defendant also contends that the bankruptcy protections afforded by section 108(a) are only applicable to those rights that entail the commencement of an action. (*Id*. at 3-4.) Defendant cites HR Rep. No 95-595 at 318 (1977), which states that "section 108 'permit[s] the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action * * * that is required to preserve the debtor's rights.' " (*Id*. at 3.) (Emphasis omitted.) As such, Defendant contends section 108(a) is inapplicable because ORS 306.115 confers no underlying right which must be preserved.

## II. ANALYSIS

The issue is whether Defendant abused its discretion when it determined that 11 USC section 108(a) did not extend its authority, under ORS 306.115, to review Plaintiff's petition of his 2007-08 property tax assessment.

A.    *Standard of Review*

ORS 306.115 confers discretionary power to Defendant to " 'do any act or give any order' it deems necessary so all property may be taxed or exempted according to law." *FSLIC*, 11 OTR at 391. This discretionary power is limited by ORS 306.115(3) to the review of property tax rolls or assessments "for the current tax year and for either of the two tax years immediately preceding the current tax year * * *." In this case, Defendant determined that section 108(a) was inapplicable in extending its jurisdiction over the tax year 2007-08 time period petitioned. (Stip Facts at 3.)

This court "reviews decisions of [Defendant] under ORS 306.115 for abuse of discretion. This means that [Defendant] will prevail * * * unless the court determines that [Defendant]

'acted capriciously or arrived at a conclusion which was clearly wrong.' " *Ghazi-Moghaddam v. Dept. of Rev*. (*Ghazi-Moghaddam*), TC No 4968, WL 2750894 at *2 (Jun 21, 2011) (citations omitted). This court will not substitute its judgment for the judgment of the agency. *Rogue River Pack. v. Dept. of Rev.,* 6 OTR 293, 298 (1976).

B.      *11 USC section 108(a)*

In order to determine whether Defendant abused its discretion, the court must determine whether 11 USC section 108(a) applies to petitions filed under ORS 306.115. Section 108(a) states:

> "If applicable nonbankruptcy law  * * * fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee my commence such action only before the later of –
>
>> "(1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
>> "(2) Two years after the order for relief."

"The purpose of section 108 is to permit the petitioner * * * an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights." *In re Santa Fe Development and Mortg. Corp.*, 16 BR 165, 167 (1981). In particular, section 108(a) "extends the time to 'commence an action.' " *In re Carter*, 125 BR 832, 836 (1991). "An 'action' ordinarily means a lawsuit brought in a court." *In re CGE Shattuck LLC* (*CGE*), 272 BR 514, 518 (2001). " 'Action' refers to * * * a legal contest by judicial process." *TLI,* 100 F3d at 427. Furthermore, an "administrative request is not the commencement of an action for the purposes of section 108(a) because the filing of the request is not the commencement of a lawsuit in a court." *CGE*, 272 BR at 518.

/ / /

A petition submitted to Defendant under ORS 306.115 is "merely one means of helping [Defendant] 'discover' reasons to correct the roll." *McGill v. Dept. of Rev.*, 14 OTR 40, 42 (1996), citing *FSLIC*. "[Defendant] merely utilizes petitions by interested persons as a means of having the need for correction brought to its attention." *FSLIC*, 11 OTR at 391. Accordingly, a petition submitted to Defendant under ORS 306.115 is more of a "request" than the commencement of an "action." Plaintiff makes the distinction that "[a]n action ordinarily means the demand of someone's right, and is synonymous with suit. Black's Law Dictionary at 28-29 (6th ed. 1990)." (Ptf's Mot for Summ J at 4.) However, as this court has repeatedly held, ORS 306.115 confers no right of appeal to the taxpayer, nor does it provide a taxpayer the remedial right to correct government errors, and therefore there exists no right for the taxpayer to demand. *Resolution Trust Corp. v. Dept. of Rev.,* 13 OTR 276, 278 (1995). The court finds that a petition filed to Defendant under ORS 306.115 is not an "action" as required by section 108(a). Accordingly, section 108(a) is inapplicable to extend Defendant's authority under ORS 306.115.

As a practical matter, Plaintiff's bankruptcy in no way hindered his ability to move forward with his petition with Defendant. Thus, there was no need to preserve any right Plaintiff may have felt he had in petitioning Defendant. Moreover, section 108(a) establishes a trustee's right to commence an action and arguably does not even apply to Plaintiff.

### III. CONCLUSION

After careful consideration the court concludes that Defendant did not abuse its discretion when it determined that it was without authority to review Plaintiff's petition under ORS 306.115 for the 2007-08 tax year. Now, therefore,

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment is granted.

Dated this ____ day of August 2012.


DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on August 2, 2012. The Court filed and entered this document on August 2, 2012.*