RESOLUTION TRUST CORPORATION,
as Conservator for
Far West Federal Savings Bank
*v.*
DEPARTMENT OF REVENUE
(TC 3662)

Christopher K. Robinson, Lake Oswego, represented plaintiff.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 4, 1995.

## CARL N. BYERS, Judge.

Plaintiff appeals from an opinion and order in which defendant refused to correct a real property assessment for the 1990 tax year. Plaintiff claims that defendant erred in dismissing its appeal for lack of supervisory jurisdiction. The matter is before the court on defendant's motion for partial summary judgment to determine the scope of review.

### FACTS

Plaintiff, as conservator for Far West Federal Savings Bank, owned a retail bank branch in Washington County. The property was assessed at $760,400 by the Washington County assessor for the 1990-91 tax year. Plaintiff did not appeal from that assessment to the board of equalization. On December 29, 1992, plaintiff appealed the assessment to defendant, seeking relief under defendant's supervisory authority as granted by ORS 306.115. Defendant conducted a telephone hearing with representatives of the Washington County assessor's office and plaintiff, but found no jurisdiction.

In appealing to this court, plaintiff alleges that defendant erred in evaluating the evidence. Plaintiff claims it is entitled to have the jurisdictional dispute considered on the merits and to introduce new evidence in support of its claims. Defendant's motion for partial summary judgment is to resolve a dispute between the parties regarding the scope of review by this court.

### ISSUES

Defendant's motion raises the following issues:

1. Whether all determinations made by defendant under ORS 306.115 are discretionary.

2. Whether defendant has a duty to go outside the record to make a determination under ORS 306.115.

3. Whether a taxpayer appealing to Tax Court is entitled to introduce new evidence to establish supervisory jurisdiction.

## ANALYSIS

ORS 306.115(1)[1] provides:

"The Department of Revenue shall exercise general supervision and control over the system of property taxation throughout the state. The department may do any act or give any order to any public officer or employee that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States. Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section."

■    All corrections or changes made under ORS 306.115 are made by virtue of the authority conferred above, and are discretionary in nature.

■    ORS 306.115 is not a taxpayer remedy statute. It imposes responsibility on the department to supervise and control the property tax system. Other statutes such as ORS 305.275 and ORS 309.100 provide taxpayers with remedies to correct government errors. Consistent with an annual imposition of property taxes, such rights of appeal are restricted by short time frames. The discretionary power granted to defendant to make extraordinary corrections is even more limited. If it were not, extraordinary actions would become ordinary and the limits on ordinary appeals would become meaningless.

■    Plaintiff contends that adoption of administrative rules under ORS 306.115 removes defendant's discretion. Adoption of an administrative rule limits the discretion of defendant only to the extent that the rule establishes a particular position or procedure. Once adopted, defendant cannot act contrary to its rule. However, in applying the rule and determining what cases come within it, defendant exercises its discretion. The court's ability to review defendant's

---

[1] All references to Oregon Revised Statutes are to the 1989 Replacement Part.

decision or determination is limited to determining whether the agency acted "capriciously or arrived at a conclusion which was clearly wrong." *Martin Bros. v. Tax Commission*, 252 Or 331, 449 P2d 430 (1969). *See also Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976).

■        Plaintiff claims defendant has a duty to go outside the administrative record to determine whether it has supervisory jurisdiction. There is no duty imposed by ORS 306.115 other than a general obligation to be informed about the property tax system. To provide defendant an opportunity to consider individual properties, taxpayers are allowed to petition the department to bring to its attention extraordinary problems. In implementing that process, defendant has adopted OAR 150-306.115(2) which provides:

> "Before the substantive issue can be considered, the petitioner has the burden of presenting information which demonstrates that the requirements of ORS 306.115 and OAR 150-306.115 have been met. A determination will be based on the record before the department."

Under the administrative rule, defendant may ask for additional information; but it is not obligated to do so. Likewise, defendant may hold a supervisory hearing; but it is not obligated to do so. Under this rule, defendant has no obligation to investigate individual cases outside of the information presented to it by the taxpayer.

■        Plaintiff seeks to introduce new evidence in Tax Court to establish its claim that defendant had supervisory jurisdiction. Introducing new evidence before this court would be inconsistent with the limited scope of review exercised by the court. Allowing new evidence would require this matter to be remanded to defendant for a determination of whether the new evidence would affect defendant's decision. Such procedure is not contemplated nor consistent with the statute. If the court is to avoid substituting its judgment for that of defendant, it must limit its scope of review to the evidence that was presented to defendant at the administrative hearing.

Where there is no administrative record for the court to review, the court may take evidence to determine whether the agency acted within the scope of its authority.

However, in such cases, the evidence is restricted to that which was presented to the administrative agency. *Rogue River Pack. v. Dept. of Rev..* Where there is an administrative record and that record constitutes the evidence upon which the administrative agency based its decision, the court must limit its review to that record.

As a general rule, every tax imposed by government places the initial responsibility upon the taxpayer to determine the correct amount of the tax. That practice is reasonably based on the assumption that taxpayers know the most about their individual circumstances and tax liabilities. Oregon's property tax appeal procedures provide a complete process by which the taxpayer may obtain full relief from any error. However, the duty is upon the taxpayer to take steps within the time limits set by law to obtain that relief.

The power granted to defendant to correct extraordinary errors is discretionary. In reviewing defendant's exercise of its supervisory authority, the court is limited to considering whether there was an abuse of discretion. Now, therefore,

IT IS ORDERED that defendant's Motion for Partial Summary Judgment is granted.