IN THE TAX COURT OF THE
STATE OF OREGON

MULTNOMAH COUNTY,
a home rule subdivision of the
State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor Robert Ellis

*v.*

DEPARTMENT OF REVENUE
*and*

WEST COAST BENSON HOTEL,
limited partnership,
*Intervenor*

(TC 3995)

John S. Thomas, Assistant County Counsel, Multnomah
County, represented plaintiff (assessor).

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

James L. Buchal, Ball Janik LLP, Portland, represented intervenor (West Coast).

Decision for defendant and intervenor rendered January 28, 1997.

## CARL N. BYERS, Judge.

The Department of Revenue (department) exercised its supervisory authority and granted intervenor's (West Coast) historic property a special assessment for 1992-93 through 1993-94. Plaintiff (assessor) appealed, contending that the department abused its discretion and exercised its supervisory authority without adequate grounds. The matter is before the court on cross motions for summary judgment.

## FACTS

West Coast's property is commonly known as the Benson Hotel, located in Portland. Although its historical origins date back to 1905, the current building consists of two portions: one constructed in 1913 and the other constructed in 1959. The entire property was listed on the National Register of Historic Places in 1986.

In 1990, West Coast applied for special assessment of the hotel as a historic property. The State Historic Preservation Officer (SHPO) thereafter issued a certificate pursuant to ORS 358.495(2)[1] certifying that the property qualified for special assessment.

The assessor questioned whether the portion constructed in 1959 qualified for special assessment. Beginning with the 1991-92 tax year, the assessor specially assessed only the portion constructed in 1913. West Coast did not object or appeal until "early 1993." At that time its agent contacted the assessor concerning the assessor's refusal to specially assess the portion constructed in 1959.

---

[1] All references to the Oregon Revised Statutes are to 1993.

The assessor took the position that West Coast needed to obtain a clarification from the SHPO that the 1959 portion was registered as a contributing feature of the structure with the National Register of Historic Places. Apparently, this required a clarifying amendment to the original nomination for listing on the National Register. Accordingly, the agent contacted the SHPO, and in October 1993 obtained the clarifying amendment.

The assessor did not believe West Coast would be able to obtain the amendment. When confronted with the accomplished fact, the assessor nevertheless refused to grant the special assessment. West Coast then requested the SHPO to include the 1959 portion in the special assessment. The SHPO did not have authority to "correct" the assessment, but it did advise the assessor that the entire hotel was entitled to special assessment. In June 1994, the assessor requested a contested case hearing before the SHPO but withdrew that request in December 1994. West Coast, tired of the delays, demanded action. The assessor responded that it considered the 1959 portion ineligible for special assessment. Accordingly, in March 1995, West Coast appealed to the department.

After a hearing, the department determined that the initial certificate issued by the SHPO covered the entire property and the assessor was obligated to grant special assessment based on that certification. In addition, the department determined that the assessor had misinformed West Coast with regard to seeking clarification through the SHPO instead of appealing to the department. Accordingly, the department found good and sufficient cause for West Coast's failure to appeal. Exercising its supervisory authority granted by ORS 306.115, the department granted West Coast relief for 1992-93 and 1993-94 retroactively. The assessor then appealed from the department's opinion and order to this court.

ORS 306.115(1) provides:

"The Department of Revenue shall exercise general supervision and control over the system of property taxation throughout the state. The department may do any act or give any order to any public officer or employee that the

department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States. Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section."

■      The above statute is a grant of discretionary authority. *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 278 (1995). The scope of review for discretionary cases is not the usual *de novo* but is limited to determining whether the department acted "capriciously or arrived at a conclusion which was clearly wrong." *Martin Bros. v. Tax Commission*, 252 Or 331, 338, 449 P2d 430 (1969). *See also Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293, 300-01 (1976).

■      In determining whether the department has abused its discretion, the court is limited to reviewing the record made before the department. That record consists of the affidavit of John M. Tess, historic preservation consultant to West Coast, with accompanying exhibits 1 through 16 submitted by West Coast, and exhibits A through BB submitted by the assessor.

## ISSUES

Did the department act capriciously or was it clearly wrong in:

(1)   Finding the assessor misled or gave West Coast erroneous information?

(2)   Granting West Coast relief for the 1992-93 tax year?

## ANALYSIS

The documents submitted indicated that the application for special assessment was for the entire property and West Coast paid an application fee based on the value of the entire property. In May 1990, the assessor questioned whether the entire property qualified for special assessment.

Nevertheless, in June 1990, the SHPO certified the entire property for special assessment.

The assessor treated the certification as a mistake and asserts that everyone understood it applied only to the 1913 portion. In a letter to West Coast's attorney, the assessor pointed out that the SHPO had "no objection" to the 1959 portion receiving special assessment "conditioned on certain conditions, including acceptance by the County." This position was taken by the SHPO in a letter dated March 10, 1994. The SHPO expressly pointed out that, subsequently, an amendment to the National Register included the 1959 portion retroactive to 1986. Although the SHPO's March 10, 1994, letter is not entirely clear, the fair import of it is that the 1959 portion of the property does qualify for special assessment. Nevertheless, the assessor refused to grant special assessment because it did not believe the 1959 portion qualified for special assessment.

The department, in its opinion and order, found that the SHPO's certificate covered the entire property and the entire property qualified for special assessment. It appears the assessor no longer contests that point. However, the assessor objects to the department's exercising its supervisory authority and granting relief for the prior tax years.

■    The department found that the assessor misinformed West Coast by advising it to obtain clarification regarding the status of the 1959 portion. The assessor should have informed West Coast of the need to appeal the assessor's actions to the department. When West Coast went to the SHPO and obtained the clarification requested by the assessor, the assessor then refused to honor it. Also, the assessor had requested a contested case hearing before the SHPO and then withdrew that request. The department found these circumstances and the assessor's misleading conduct constituted good and sufficient cause for failing to timely appeal. Based on the record presented, the court cannot find that the department arrived at a conclusion which was clearly wrong.

■    The assessor contends that West Coast could not have relied upon misinformation with regard to the 1992-93 tax year because West Coast made no inquiry until "early in

1993." The assessor acknowledges that if West Coast contacted it early in January 1993, then the department had grounds to exercise its authority. There is no evidence in the record with regard to the specific date of the first contact. The assessor did not raise this objection before the department but raises the issue for the first time in this court. As the party seeking relief before this court, the assessor has the burden of proof. In the absence of any evidence in the record to support the assessor's position, the court cannot assume that the department erred in its determination. Now, therefore,

IT IS ORDERED that the West Coast's Motion for Summary Judgment is granted and

IT IS FURTHER ORDERED that the assessor's Motion for Summary Judgment is denied and judgment shall be entered in accordance with this order. Costs to neither party.