LITTON SYSTEMS, INC.,
Cresticon, Inc.,
and Litton Industries, Inc.,
*Plaintiffs,*

*v.*

JOSEPHINE COUNTY ASSESSOR
*and*

DEPARTMENT OF REVENUE,
*Defendants.*
(TC-MD 010928C)

Oral argument on cross motions for summary judgment was held April 2, 2002, in the courtroom of the Oregon Tax Court, Salem.

W. Scott Phinney, Lake Oswego, filed the brief and argued the cause for Plaintiffs.

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the brief and argued the cause for Defendant.

Decision rendered for Plaintiffs July 3, 2002.

**DAN ROBINSON, Magistrate.**

This matter is before the court on cross motions for summary judgment.[1] Plaintiffs appealed from a decision of the Oregon Department of Revenue (the department), which refused to exercise its supervisory power to consider the merits of appeals for the 1997-98, 1998-99, and 1999-2000 tax years. Plaintiffs allege that the department abused its discretion by failing to exercise its supervisory power under ORS 306.115[2] and the corresponding administrative rule. Defendants disagree.

---

[1] Josephine County filed an Answer, but did not file a response or motion for summary judgment. Michael L. Schneyder, representative for the Josephine County Assessor's Office, listened to the arguments by telephone.

[2] All references to the Oregon Revised Statutes (ORS) are to 1999.

Oral argument was held April 1, 2002, in the court-room of the Oregon Tax Court, Salem. W. Scott Phinney, Attorney at Law, filed the brief and argued the cause for Plaintiffs. Douglas M. Adair, Assistant Attorney General, Department of Justice, filed the brief and argued the cause for the department. Josephine County Assessor was also named as Defendant, but tendered defense of the matter to the department.

## I. STATEMENT OF FACTS

Plaintiffs filed an appeal with the department for a reduction in value of real and personal property located in Josephine County. The subject property was an electronics manufacturing facility used to produce early warning radar system components for the United States Department of Defense; operations on the property ceased in December 1999. The department's valuation section determined the real market value of the property to be about $8 million in 1997 and 1998 and $8.8 million in 1999. The personal property was valued at roughly $2.5 million in 1997 and 1998, and increased by slightly more than $1 million in 1999.

Plaintiffs appealed directly to the department without first petitioning the county board of property tax appeals for each year. Relief was sought pursuant to the department's supervisory authority under ORS 306.115 and OAR 150-306.115.[3] The department held two conferences[4] lasting a total of approximately five hours for the purpose of determining if it should proceed to a merits hearing on the underlying valuation issue. Additionally, the parties submitted written evidence to the conference officer.[5] On June 12, 2001, Conference Decision 00-0107 was issued by the department denying Plaintiffs' appeal. Thereafter, Plaintiffs timely filed a Complaint with this court alleging that the department's decision

---

[3] All references to the Oregon Administrative Rules (OAR) are to 1999.

[4] The first conference was held on January 25, 2001, and lasted approximately an hour and a half. The second conference was held on March 1, 2001, and lasted approximately three hours. The record was left open following the second hearing to allow the parties time to submit any additional information deemed relevant. Transcripts of the hearings were prepared and included in the record before the department and this court.

[5] The evidence submitted to the court for this appeal was substantially the same materials reviewed by the department.

to deny its appeal constituted an abuse of discretion. Subsequently, Plaintiffs filed a Motion for Summary Judgment arguing that the record at the department establishes "several independent bases for exercising supervisory power" and that the department's "refusal to do so constitutes abuse of discretion." Plaintiffs request the court find that the department abused its discretion and remand the case to the department for a hearing on the merits or, in the alternative, find that the department's Conference Decision was issued on the merits and, therefore, the court has jurisdiction to hold a trial on the merits of Plaintiffs' value appeal. The department filed a Cross Motion for Summary Judgment arguing that it did not abuse its discretion in denying Plaintiffs' request for a merits hearing and value reduction. The department requests the court affirm its Conference Decision and deny Plaintiffs' motion.

## II. ISSUE PRESENTED

The issue before the court is whether the department abused its discretion by refusing to exercise its supervisory authority under ORS 306.115 and the corresponding administrative rule, to hold a merits hearing to consider the substantive issue in the petition that alleged taxation of nonexistent property, computational or clerical errors in reporting the value of personal property, and agreement to facts indicating likely assessment error.

## III. ANALYSIS

■■■ The department is authorized to "exercise general supervision and control over the system of property taxation throughout the state." ORS 306.115(1). "ORS 306.115 is not a taxpayer remedy statute." *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 278 (1995). In fact, the court has noted that "petitions under ORS 306.115 are not appeals in the traditional sense. A taxpayer's petition is merely one means of helping the department 'discover' reasons to correct the roll." *McGill v. Dept. of Rev.*, 14 OTR 40, 42 (1996) (citation omitted). ORS 306.115 provides for an extraordinary remedy; corrections or changes under the statute are discretionary in nature. *Resolution Trust Corp.*, 13 OTR at 278.

ORS 306.115 provides, in relevant part:

"(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

The department has adopted an administrative rule to implement the statute. OAR 150-306.115 provides, in relevant part:

"An assessor or taxpayer may request a change or correction under ORS 306.115 * * * by filing a petition with the department. * * *

"(1) The types of errors or omissions in the assessment or tax roll which can be corrected by the department under ORS 306.115(2) through (5) include but are not limited to, clerical errors, errors in property value, classification, or exemption.

"(2) ORS 306.115 is an extraordinary remedy. ORS 306.115(3) to (6) provide the authority for the department to consider the substantive issue in a petition (i.e., value of the property, qualification for exemption, etc.) when it otherwise would not have authority to do so. Before the substantive issue can be considered, the petitioner has the burden of presenting information which demonstrates that the requirements of ORS 306.115 and this rule have been met. A determination will be based on the record before the department.

"* * * * *

"(3) The department may correct the assessment or tax roll with respect to a separate assessment of property for the current tax year, for either or both of the tax years immediately preceding the current tax year, or for any combination of such years. The requirements of ORS 306.115 and the requirements of either OAR 150-306.115(3)(a) or OAR 150-306.115(3)(b) of this rule must be met for each year at issue.

"* * * * *

"[The taxpayer has no statutory right of appeal remaining and the department finds good and sufficient cause for not filing with the board.]

"(b)    Regardless of whether good and sufficient cause is found under OAR 150-306.115(3)(a), the department will conform or correct the roll under ORS 306.115(3) when it finds that the facts require such an action after considering the substantive issue in a petition."

■    When a petition is filed with the department, a supervisory conference may be held to consider whether the requirements of the statute and rule are met. OAR 150-306.115(2). The substantive issue (*e.g.*, value) is not considered at the conference, and the petitioner has the burden of presenting information to move forward. *Id*. "If the department determines that one of the conditions specified does exist, the department **shall** hold a conference to determine whether to order a change or correction in the roll." ORS 306.115(4) (emphasis added). The department held a supervisory conference and concluded "it [did] not have jurisdiction under ORS 306.115 or any other statute to review the substantive issues of petitioner's appeal." Accordingly, Plaintiffs' "appeal" to the department was denied, and Plaintiffs appealed to this court. The parties agree the court's role in reviewing the department's actions under ORS 306.115 is to determine if there has been an abuse of discretion. The court's review is confined to the question of "whether the officer exercised his discretion judiciously and not capriciously and arrived at no conclusion which was clearly wrong." *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130, 134 (1975) (citation omitted). More recently the court has stated it " 'may overrule the department only if it finds that the discretion was exercised in an arbitrary, capricious or wrongful manner.' " *Perkins and Wiley v. Dept. of Rev.*, 13 OTR 426, 428 (1995), *citing Corvallis Country Club v. Dept. of Rev.*, 10 OTR 302, 307 (1986).[6] Moreover, the court is not to substitute

---

[6] *See also Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 279 (1995); *Martin Bros. v. Tax Commission*, 252 Or 331, 338, 449 P2d 430 (1969); *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293, 300-02 (1976).

its judgment for that of the department and it must, therefore, limit its review to the evidence presented to the department at the administrative proceeding. *Resolution Trust Corp.*, 13 OTR at 279.

■ The parties come to this case with a fundamental disagreement as to the nature of the department's discretion in exercising its supervisory authority. Plaintiffs emphasize the word "will" in the administrative rule while the department points to the word "may" both in the statute and the rule. The court notes that the word "may" both in the statute and the rule pertains to the department's authority to change or correct the roll, whereas the word "will" in the rule establishes the situations in which the department will hold a merits hearing to consider the substantive issue in a petition. For example, ORS 306.115(3) provides:

> "[t]he department **may** order a change or correction applicable to a separate assessment of property * * * if * * * the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law * * *."

(Emphasis added.)

OAR 150-306.115(3)(b)(A) provides the same guideline with respect to correcting the roll. However, in laying out the process leading up to that point, the rule provides:

> "[t]he substantive issue in a petition **will** be considered under ORS 306.115 (3) when * * *."

(Emphasis added.)

■ That distinction is of particular importance because the statute, enacted by the legislature, granted the department considerable latitude in determining if and when to change or correct the roll; however, the department limited its discretion by administrative rule. The distinction is also significant in evaluating Defendant's assertion that the department may impose a materiality standard in deciding whether to hold a merits hearing. The rule specifically provides that a merits hearing will be held when one of the conditions is present. It provides no materiality standard and it is beyond the court's authority to judicially create an exception to the rule. Therefore, the court rules that although the

department may impose a materiality standard in determining whether it is necessary to change or correct the roll to conform the roll to applicable law as authorized by statute, the department may not impose such a standard when reviewing a petition under subsection (3)(b)(A) of the rule.

The specific portion of the rule here at issue provides:

"(b) Regardless of whether good and sufficient cause is found under OAR 150-306.115(3)(a), the department will conform or correct the roll under ORS 306.115(3) when it finds that the facts require such an action after considering the substantive issue in a petition.

"(A) The substantive issue in a petition will be considered under ORS 306.115(3) when:

"(i) There is an extraordinary circumstance concerning the assessment and taxation of the subject property. * * *

"* * * * *

"(ii) The parties to the petition agree to facts which indicate it is likely that an error exists on the roll."

OAR 150-306.115(3).

As can be seen, the department's rule establishes two general categories in which the substantive issue will be considered. One is where there are "extraordinary circumstances" and the other is where there are certain factual agreements. *See* OAR 150-306.115(3)(b)(A)(i) and (ii). The extraordinary circumstances category is further divided into four subcategories, two of which are at issue in this case. Extraordinary circumstances include:

"(I) The taxation of nonexistent property, * * * [and];

"(II) Taxpayers' computational or clerical errors in reporting the value of personal property pursuant to ORS 308.290."

OAR 150-306.115(3)(b).

Plaintiffs allege there was taxation of nonexistent property and taxpayers' computational or clerical errors in

reporting the value of personal property. Plaintiffs also assert the "agree to facts" standard.

Most of the instances of alleged taxation of nonexistent property involve a dispute over value. In their reply brief, Plaintiffs acknowledge that the inclusion of relocation and demolition costs amounts to the taxation of nonexistent value. Defendant correctly emphasizes that the focus of OAR 150-306.115(3)(b)(A)(i)(I) is on the taxation of nonexistent property, not errors in reporting value. The court disagrees with Plaintiffs' assertion that the administrative rule encompasses both the taxation of nonexistent property **and** nonexistent value. Although relocation and demolition costs and certain specialized tenant improvements may not be part of the taxable **value** of the property, the court finds that the possible incorrect valuation of these items does not constitute the taxation of nonexistent **property**. The same is true for the roof and tenant improvements reported and valued at 100 percent of cost. However, there remains the 1997 alleged unreported retirements and the two specific items either removed or inoperable before 1997.

Considering first the retirements, Plaintiffs' position is that the retirements reported for 1997 pertain to another of their properties and that the items actually retired from the subject property were not reported. The evidence is equivocal as to what property, if any, was actually retired from the subject facility, and Plaintiffs had the burden of proving that assertion. Nonetheless, the assertion was made at the administrative proceeding and the department's response, both in its written decision below and by counsel on appeal, is problematic. Implicit in the conference decision is the assumption Plaintiffs received a windfall because retirements from another site were erroneously reported and would likely exceed the true amount of retirements and that this windfall offset the incorrectly included demolition and relocation costs.[7] That is mixing apples with oranges. Rather than find that there was no evidence to support Plaintiffs

---

[7] The decision states Plaintiffs "may be correct that these were retirements from the Washington Boulevard location, but it is very clear that the property value was removed from the subject Redwood Highway site. To the extent that demolition and relocation costs were included in the additions, they appear to have been partially or wholly offset by the retirements."

claim, the department essentially determined that it all comes out in the wash. That determination appears to be based on the materiality standard that the court has already found to be inappropriate in determining whether to go forward to consider the substantive issue in the petition.

On appeal, the department argues that it does not matter that the amount of retirements reported may not be accurate because the number "reasonably account[ed] for actual retirements." Such pragmatics, while perhaps understandable and even reasonable, go beyond the limits of the department's own rule by effectively qualifying the word "will."

■       Neither the court nor the agency may insert words not present in the rule. Interpretation of an administrative rule, and the limitations attendant thereto, is the same as with statutes. *See D. S. Parklane Development, Inc. v. Metro*, 165 Or App 1, 15-16 n 4, 994 P2d 1205 (2000). With statutes, the court may not "insert[ ] that which the legislature omitted." *J.R. Simplot Co. v. Dept. of Rev.*, 321 Or 253, 261, 897 P2d 316 (1995); ORS 174.010. Accepting the department's position would violate this principle.

Turning to the two specific items Plaintiffs present, the Anacoid Chamber was allegedly dismantled in 1994 but reported for years thereafter. However, there is conflicting evidence as to whether the chamber was dismantled in 1994 or whether it continued to operate during one or more of the years at issue. Moreover, the department's conference officer determined that the Anacoid Chamber was not assessed. In view of the court's limited role, the department's position is not an abuse of discretion. The final item to consider is the Racal Dana Digital Test Machine (hereinafter Test Machine). Plaintiffs argue the Test Machine was never used and was disposed of in mid-1997. The department agrees, but argues that "the misreporting of this one asset representing a fraction of one percent of the overall assessment was not an 'extraordinary situation.' " More specifically, the department argues that "[its] determination that the $30,000 potential impact on the $8 million assessment does not even approach the threshold for exercise of its extraordinary supervisory powers." The "threshold" to which the department refers

apparently relates to its asserted materiality standard whereby an error of less than 10 percent is not deemed significant enough to require a correction of the roll.[8]

■    Although the value of that one asset may be nominal in comparison to the entire account, if the record before the department establishes the taxation of nonexistent property, the department must apply the standard articulated in its rule and go forward with a merits hearing to consider the substantive issue. It is important to note that the rule provides "[t]he substantive issue in a petition **will** be considered * * * when: [there is] [t]he taxation of nonexistent property * * *." OAR 150-306.115(3)(b)(A) and (I) (emphasis added). Furthermore, as the court previously discussed, the department's determination with respect to the unreported retirements was made by incorrectly applying a materiality standard. Thus, there are two areas of nonexistent property and Plaintiffs were entitled to go forward to the merits hearing on the substantive issue. The substantive issue in the petition was the value of all Plaintiffs' real and personal property. The Conference Decision states at page 1 that "Petitioner * * * appealed to the Department of Revenue for reduction in value of real and personal property * * *."

■    By adopting OAR 150-306.115(3)(b)(A)(i), the department has limited its discretion "to the extent that the rule establishes a particular position or procedure. Once adopted, [the department] cannot act contrary to its rule." *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 278 (1995). The court finds no ambiguity in the plain language of the rule. The rule establishes the position and procedure of the department that "[t]he substantive issue in a petition **will** be considered" where a specified "extraordinary circumstance"

---

[8] The department advances the position that

"the department has often used a 10 percent 'rule of thumb' as the nominal materiality threshold for allowing changes in assessments. The basis for this rule is a series of valuation cases where the courts have noted that equally competent appraisers who arrive at conclusions within 10 percent of each other have effectively expressed the same opinion of value within the range of appraisal judgment. * * * In an effort to define the appropriate level of materiality for it to exercise its supervisory authority, the department has simply applied this well-established standard to the agreed-upon facts."

exists and is demonstrated in the record before the department. OAR 150-306.115(3)(b)(A).

The court is mindful of the fact that ORS 306.115 provides an "extraordinary remedy" (OAR 150-306.115(2)) and that its review of a decision by the department is limited to an abuse of discretion. However, when the agency deviates from its own rule, it has abused its discretion. At least one purpose of the administrative rule is to give notice as to the amount of evidence one must present to satisfy the criteria to move forward to a merits hearing, where the substantive issue will be considered.

Having determined that property not in existence was subjected to tax, the department was required to conduct a merits hearing to consider the value of all Plaintiffs' property. The court recognizes Plaintiffs have demonstrated only a minor error on the roll at this point and that it may appear unduly burdensome for the department to hold a merits hearing. However, it is the department's own rule that commands this result.

## IV. CONCLUSION

The court concludes that there was taxation of non-existent property and that the department's rule requires that it conduct a hearing to consider the substantive issue in the petition filed by Plaintiffs below. The petition filed with the department sought a reduction in the value of Plaintiffs' real and personal property. Accordingly, the department will hold a hearing to consider whether, in its discretion, it finds it necessary to change or correct the roll for any of Plaintiffs' property to conform to applicable law pursuant to the authority granted by ORS 306.115(3).

IT IS THE DECISION OF THIS COURT that the case be remanded to the department for a hearing consistent with this Decision.