ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on the motion for summary judgment of Plaintiffs Richard and Sarah Kaufman (taxpayers) and the cross-motion for summary judgment of Defendant Department of Revenue (the department).
 II. STATEMENT OF FACTS
Taxpayers own a single-family residence in Deschutes County (county). Taxpayers are not the original owners, but acquired the property in May of 2005. (Def's Cross-Mot Summ J; Department of Revenue (DOR) Conf R at 57.) Prior to their ownership, a county appraiser visited the site in November of 2000. (Id. at 13.) The county *Page 2 
appraiser determined that the construction was 85 percent completed and classified the property as quality class 7 for the 2001-02 tax year. (Id. at 3.) The county based the real market value (RMV) and maximum assessed value (MAV) for the 2001-02 tax year on that November 2000 appraisal. (Id.) The county appraiser returned to the site on March 18, 2002. (Id. at 13.) The county appraiser determined that the construction was 100 percent completed and reclassified the property as quality class 6+ for the 2002-03 tax year. (Id. at 3.)
The tax account shows that the total RMV for the 2001-02 tax year was $967,205. (DOR Conf R at 69.) The county determined MAV for the 2001-02 tax year at $773,374, by multiplying the 2001-02 RMV by the changed property ratio (CPR).[1] (Id.) In 2002, the appraiser valued the completed property as class 6+ and lowered the RMV for the 2002-03 tax year for the property account to $909,280. (Id.) The county calculated MAV for the 2002-03 tax year at $796,575. (Id.)[2]
It appears from the record that the county did not do what Measure 50 requires for new improvements to property for the 2002-03 tax year. The county should have determined MAV for the tax account for the 2002-03 tax year pursuant to ORS 308.153(1)(a) and (b).[3] *Page 3 
ORS 308.153. First, the county should have determined MAV for the 2002-03 tax year for the portion of the property completed in the 2001-02 tax year by following ORS 308.146(1). ORS 308.153(1)(a). That would have increased the MAV for the portion completed in 2001-02 by three percent. Second, the county should have determined the RMV of the 2002-03 improvements to the property and multiplied that RMV by the CPR for the 2002-03 year. ORS 308.153(1)(b). Lastly, the county should have added the ORS 308.153(1)(a) value — the 2001-02 portion — to the ORS 308.153(1)(b) value — the 2002-03 portion — to determine the correct 2002-03 MAV for the total property account. ORS 308.153. Instead, the county appears to have applied ORS 308.146 as if the property had been completed in 2001-02.[4]
The original owners of the property did not appeal or seek other relief in respect of the AV, RMV, or MAV determinations for the 2001-02 or 2002-03 tax years.
Taxpayers, having acquired the property in 2005, petitioned the department on November 3, 2008, under ORS 306.115.[5]
(DOR Conference R at 55.) ORS 306.115 authorizes the department, in its discretion, to exercise its supervisory powers to correct errors in the tax rolls in the current tax year and either of the preceding two tax years. ORS 306.115(3); *Page 4 
OAR 150-306.115(1).[6] Taxpayers sought a change in the MAV and AV determinations for the 2006-07, 2007-08, and 2008-09 tax years. Taxpayers appear to have argued that those numbers are in error based on an alleged error in the 2002-03 calculation of MAV. (Ptfs' Mot Summ J at 15.) Taxpayers asserted on the petition that taxpayers and county (the parties) agreed to facts indicating a likely error on the roll. (DOR Conf R at 55.)
The county indicated on its response to the petition of taxpayers that the parties did not agree to the facts on the petition. (Id. at 52.)
The department held a preliminary hearing on March 3, 2009, to determine whether the parties agreed to facts that indicated a likely error for the 2006-07, 2007-08, and 2008-09 tax years. The department, identifying five agreed facts, concluded that these facts did not indicate an assessment error the department could reach. (DOR Conf R at 6.) The department did not hold a conference on the merits of the petition. Taxpayers appealed that decision of the department to the Magistrate Division of the Oregon Tax Court, which dismissed the claim of the taxpayers. Kaufman v. Dept. ofRev., No TC-MD 091221C (Dec 11, 2009). Taxpayers appealed to the Regular Division.
 III. ISSUE
Did the department abuse its discretion by declining to hold a merits conference?
 IV. ANALYSIS *Page 5 
When the court reviews a decision of the department to decline a merits conference under ORS 306.115, it does so for abuse of discretion. Resolution Trust Corp. v. Dept. of Rev.,13 OTR 276, 280 (1995). An agency, such as the department, abuses its discretion when it acts "capriciously or arrive[s] at a conclusion which was clearly wrong." Martin Bros. v. TaxCommission,252 Or 331, 338, 449 P2d 430 (1969) (citation omitted). Further, an agency abuses its discretion when it, "does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." Rogue River Pack. v. Dept. of Rev.,6 OTR 293, 301 (1976). The court will not substitute its judgment for the judgment of the agency. Id. at 298.
When reviewing a department decision under ORS 306.115, the court will only consider the evidence presented to the department in the administrative record. Resolution Trust Corp.,13 OTR at 279. The administrative record before the department includes, for this case, the petition of the taxpayers to the department, the conference record, the transcript of the preliminary hearing, and the conference decision.
ORS 306.115 is not a statute creating a right of appeal. ORS 306.115 authorizes the department, in its supervisory capacity, to correct errors in the tax rolls. ORS 306.115(1). As the court has stated, "`[w]hen a taxpayer petitions [the department] under ORS 306.115, it is not `appealing' in the usual sense * * *. It is helping [the department] to `discover' a reason to correct the tax roll.'" ADC Kentrox v Dept. of Rev., (Kentrox I)19 OTR 91, 100 (2006), quoting Ohio State LifeIns. Co. v. Dept. of Rev., 12 OTR 423, 425 (1993).
OAR 150-306.115 describes how the department will apply its supervisory powers in its discretion. OAR 150-306.115 states in part:
 "(d) If the department determines that it has the authority under ORS *Page 6 
306.115(3) to consider the substantive issue in the appeal, it will hold a merits conference, if necessary, to consider the substantive issue. If the department determines that it does not have the authority to consider the substantive issue in the petition, the petition will be denied."
 "(4) The department will consider the substantive issue in the petition only when:
 "(a) The assessor or taxpayer has no remaining statutory right of appeal; and
 "(b) The department determines that an error on the roll is likely as indicated by at least one of the following standards:
 "(A) The parties to the petition agree to facts indicating likely error * * *."
OAR 150-306.115(3)(d)-(4)(b)(A) (emphasis added). Under ORS 306.115, the department only has the authority to consider the substantive issue in the petition when the parties agree to facts that indicate a likely error on a roll that is open to adjustment.[7] Only the current tax year and the preceding two tax years are open to adjustment. ORS 306.115.
In this case, the department based its decision not to hold a merits conference on five agreed facts. These facts are as follows:
 "1. A site visit to the subject property by a county appraiser in April, 2000 concluded that there was no significant progress in the construction of the home.
 "2. A red tag inspection of the subject property conducted by a county appraiser in November, 2000 concluded that the home was 85% complete and classed the home as quality class 7.
 "3. The 2001-02 real market value (RMV) of the subject property and of the new property that increases the MAV beyond the constitutional 3%
 limit (the Measure 50 exception) was based upon the home as a class 7 *Page 7 
property that was 85% complete.
 "4. On March 18, 2002 a county appraiser conducted another red tag inspection. The appraiser concluded that the property was 100% complete and reduced the quality class from 7 to 6+.
 "5. The MAV of the subject property for the 2002-03 tax year was set equal to 103% of the prior year's assessed value (AV)."
(DOR Conf R at 3-4.)
The department concluded that these five agreed facts did not indicate a likely assessment error for the 2006-07, 2007-08, and 2008-09 tax years. (DOR Conf R at 6.) This conclusion is neither capricious nor clearly wrong.
Oregon's property tax system is complex. Oregon voters adopted Measure 50 in 1997, creating the current property tax system. Or Laws 1997, ch 541. Prior to Measure 50, statutes provided that the AV of property was 100 percent of RMV. See former
ORS 308.232 (1995), repealed by Or Laws 1997, ch 541. Measure 50 provides that the AV of property shall be the lesser of the MAV or the RMV of the property. ORS 308.146(2). MAV for any given tax year is calculated by taking the greater of the MAV of the property or 103 percent of the AV of the previous year. ORS 308.146(1).
Taxpayers petitioned the department to change the MAV and AV for the 2006-07, 2007-08, and 2008-09 tax years. (DOR Conf R at 55.) In all three years, MAV was less than the RMV for the property account. (Id. at 69.) In all three years, the county calculated MAV at 103% of the AV of the previous year. (Id.) The department correctly determined that there were no agreed facts that indicated any error in the calculations of MAV for the 2006-07, 2007-08, and 2008-09 tax years. *Page 8 
Taxpayers argue that an error in MAV and AV for the 2002-03 tax year, a year no longer open to adjustment under ORS 306.115, led to a series of errors in MAV for the property account. (Ptfs' Mot for Summ J at 5.) That series of errors, taxpayers assert, gives rise to a reason to correct the tax rolls in the 2006-07, 2007-08, and 2008-09 tax years. (Id.)
That argument does not address the statutory timeframe for appeals. When a taxpayer disagrees with RMV, the first step of the taxpayer is to appeal to the county board of property tax appeals (BOPTA).[8] The original owners did not appeal the original RMV to BOPTA within the statutory timeframe. A taxpayer still may petition the department under ORS 306.115 within three tax years of the assessment. The original owners did not petition the department within the statutory timeframe. Taxpayers did not petition the department until November of 2008, eight years after the original RMV determination and outside of the statutory timeframe.
Failure to timely petition under ORS 306.115 will result in a denial of relief to the petitioner, notwithstanding any alleged error. See Seifert v Dept. of Rev.,14 OTR 401, 405 (1998) (quoting Taft Church v Dept. ofRev., 14 OTR 119, 122 (1997), "[a] failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit."). When the original owners failed to timely appeal the original RMV calculation, that unchallenged RMV became the base of the then current and future MAV calculations.
That does not mean, as taxpayers argue, that all future MAV calculations are in error. It simply means that the Measure 50 MAV is based on the unchallenged original RMV. *Page 9 
The department did not abuse its discretion when it determined that the five agreed facts did not indicate a likely assessment error for the 2006-07, 2007-08, and 2008-09 tax years.
Taxpayers insist that the department abused its discretion by failing to take into account a sixth fact upon which, taxpayers argue, they and the county agreed. (Ptfs' Mot for Summ J at 3.) The court has reviewed the administrative record and there is no evidence that the taxpayer presented that proposed fact to the department. The county indicated on its response to the petition of taxpayers to the department that the two parties did not agree to the facts on the petition. (DOR Conf R at 52.) Furthermore, there is no evidence that the county agreed to any additional facts during the preliminary hearing. (Ptfs' Mot Summ J at 16-19.) The department abuses its discretion when it "does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." Rogue River Pack. v. Dept. of Rev.,6 OTR 293, 301 (1976). There is no evidence in the administrative record that the county agreed to a sixth fact. Accordingly, the department did not abuse its discretion in determining that the parties only agreed to five facts.
The county, rightly or wrongly, based the 2002-03 MAV on the 2001-02 MAV alone. However, the changes taxpayers seek are time barred. Taxpayers argue that the 2002-03 MAV should have been calculated differently. (Ptf's Mot for Summ J at 5.) For the reasons discussed above, the time to correct this proposed error was within the statutory timeframe, when the department would have had authority to change the 2001-02 RMV or 2002-03 MAV.[9] *Page 10 
That time has passed. As the court has stated, "[ORS 306.115] is not a second bite at the apple of tax appeals for those who fail to timely file an appeal in the first instance." Kentrox I,19 OTR at 101 (2006).[10]
After the timeframe for appeals has passed, neither the county nor the taxpayers can change the computed Measure 50 values. This is a double-edged sword. The county must get the original valuation correct and apply the correct calculation or it will lose tax revenue. See Clackamas County Assessor v. Village at MainStreet Phase II LLC, ___ OTR at ___ (Sept 1, 2009) (slip op at 11) (holding that when the county undervalued property on two occasions by failing to include the value of existing improvements on the property, the county could not add the value of the improvements as omitted property in a later year); see also AnigInc., Trustee of the Sunnyside Village Square Trust v.Clackamas County Assessor, TC-MD No 990583B at 7 (July 21, 2000) (holding that the county could not increase the 1997-98 MAV in 1998-99 past the constitutional three percent limit when the county incorrectly determined 1997-98 MAV). Similarly, taxpayers must timely appeal a valuation or calculation error within the statutory timeframe or the values become fixed. SeeGeorgia-Pacific Consumer Products LP F.K.A. Fort James OperatingCo., v. Clatsop CountyAssessor, ___ OTR ___ (July 21, 2010) (slip op at 11) ("[The property tax system is] characterized by limited time periods within which * * * taxpayers* * * may challenge the annually determined roll values for property * * *. Apart from * * * explicit statutory provisions or current appeal, roll values and tax obligations are fixed.") *Page 11 
 V. CONCLUSION
The court concludes that the department did not abuse its discretion in declining to hold a merits conference. Now, therefore,
IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is denied; and
IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is granted.
Dated this ___ day of July, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON JULY 27, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] Changed property ratio (CPR) is a reference to the ratio described in ORS 308.153(1)(b).
All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] The 2002-03 MAV represents exactly a three percent increase over the 2001-02 MAV. All MAV calculations were below the RMV for the corresponding year.
[3] ORS 308.153 states in part:
 "(1) If new property is added to the assessment roll or improvements are made to property as of January 1 of the assessment year, the maximum assessed value of the property shall be the sum of:
 "(a) The maximum assessed value determined under ORS 308.146; and
 "(b) The product of the value of the new property or new improvements determined under subsection 2(a) of this section multiplied by the ratio, not greater than 1.00, of the average maximum assessed value over the average real market value for the assessment year.
 "(2)(a) The value of new property or new improvements shall equal the real market value of the new property or new improvements reduced (but not below zero) by the real market value of retirements from the property tax account."
ORS 308.153 (1)(a) — (2)(a).
[4] Notably, this calculation would have benefitted the original owners. Instead of applying ORS 308.153 to the property account, as Measure 50 requires, the county appears to have simply disregarded the value of the 2002-03 improvements. The county simply increased the MAV for the tax year 2001-02, representing 85 percent of the completed house, by three percent.
[5] ORS 306.115(3) states:
 "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."
(Emphasis added.)
[6] All references to the Oregon Administrative Rules (OAR) are to the 2007 edition.
[7] While not present here, the department also has the authority to consider the substantive issue in the petition when there are extraordinary circumstances that indicate a likely error on a roll that is open to adjustment. OAR 150-306.115(4)(b)(B).
[8] Taxpayers seek a lower MAV for the property. They must, like all taxpayers, start with an attack on the RMV determination for the property or portions of it. Here they appear to seek a change in the 2001-02 RMV based on what later became a lower RMV for a completed house in the 2002-03 tax year. That reduced RMV is then the basis for taxpayers' argument for a lower MAV. Taxpayers must begin with RMV and adhere to the statutory timeframe for any challenge to that number.
[9] The original owners could have timely petitioned the department under ORS 306.115 until the end of the 2003-04 tax year for the 2001-02 RMV and the end of the 2004-05 tax year for the 2002-03 MAV. They did not. The original owners may also have had, but did not exercise, appeal rights under ORS 305.288 in addition to timely appeal rights for any current year.
[10] Given the fact that the Measure 50 starting point for a property account will be reflected, or echoed, in all future MAV determinations for that property account, taxpayers are asking for much more than a second bite. This "bite" could be taken without any time limitation. In effect, taxpayers are asking for a second bite at an apple that will never spoil.