ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This case came before the court on the motion of Defendant Department of Revenue (the department) for summary judgment. Plaintiff (taxpayer) seeks a judgment ordering the Washington County Assessor (the assessor) to reduce the Maximum Assessed Value (MAV) of real property that taxpayer owns in Washington County. The department moved for summary judgment on the grounds that the department did not abuse its discretion in denying taxpayer's petition for the department to exercise its supervisory authority under ORS 306.115.[1] The department also requested that taxpayer's complaint be dismissed on the grounds that the court does not have authority to grant the relief that taxpayer seeks. *Page 2 
 II. FACTS
Taxpayer owns real property in Washington County identified in the assessor's records as R2078990. (Stip Facts at 1.)[2] A house (the subject property) was built on this real property in the year 2000. (Stip Facts at 2.) At that time, the assessment roll mistakenly described the subject property as being 2,283 square feet. (Id.) In 2004, at some time prior to August of that year, the then-owner of the subject property provided the assessor with an appraisal showing that the true size of the house was 1,746 square feet. (Id.) The assessor proceeded to adjust the Real Market Value (RMV) of the subject property for the 2004-05 tax year to reflect the corrected square footage. (Id.) The assessor did not, however, adjust the MAV of the subject property. (Id.)
Taxpayer purchased the subject property in August 2004. (Id.) In 2008, taxpayer compared the property tax on the subject property with the property taxes paid on neighboring houses, many of which are of the same design as the subject property. (Id.) Through this comparison, taxpayer discovered that the property tax on the subject property was substantially higher than that on neighboring houses. (Id.) Taxpayer and the department have stipulated that this disparity is largely explained by the fact that the MAV of the subject property is based on the RMV that was placed on the roll for the subject property in 2000 — that is, the RMV that was found to be mistaken in 2004. (Id.)
Taxpayer petitioned the department under ORS 306.115 to order a reduction in the MAV of the subject property for the tax years 2004-05, 2005-06, 2006-07, and 2007-08.[3] The *Page 3 
department held a supervisory conference regarding taxpayer's petition on December 2, 2008. (Def's Ans, Ex A at 1.) On April 16, 2009, the department issued a conference decision denying taxpayer's petition on the grounds that the department lacked jurisdiction to correct the assessor's roll for the tax years 2004-05 and 2005-06, and that department "[did] not find agreement to any facts that indicate an assessment error [was] likely" for the 2006-07 or 2007-08 tax years. (Def's Ex A at 3.) Taxpayer then appealed to the Magistrate Division. In a decision of dismissal dated September 13, 2010, the magistrate found for the department. See Naidj v. Washington County Assessor, TC-MD No 091268D (Sept 13, 2010). Taxpayer now appeals to the Regular Division. On February 18, 2011, the department moved for summary judgment, arguing that the department did not abuse its discretion by denying taxpayer's petition. The department also sought dismissal of taxpayer's complaint on the grounds that the court did not have authority to grant taxpayer the relief that taxpayer seeks. (Def's Br in Supp of Mot for Summ J at 1.) Taxpayer responded to the motion of the department in a letter filed February 25, 2011, arguing that the court should not allow the further perpetuation of the error made by the assessor in 2000. (Ptf's Resp at 1.) The parties have stipulated to the facts of this case and have stipulated as to the facts and legal issues presented to the department at the supervisory conference. (Stip Facts at 2.) The parties have also entered in the record taxpayer's petition to the department and the department's conference decision.
 III. Issue
Did the department abuse its discretion in denying taxpayer's petition to order the assessor to reduce the MAV of the subject property? *Page 4 
 IV. ANALYSIS
Taxpayer's case has come before the court as an appeal from the department's denial of taxpayer's petition under ORS 306.115. The department moves for summary judgment on the grounds that the department did not abuse its discretion when it denied taxpayer's petition. (Def's Br in Supp of Mot for Summ J at 1.) For the reasons stated below, the court agrees with the department.
Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C. The parties have stipulated to all of the facts relevant to the disposition of this case. The outcome of the department's motion therefore turns on whether the department is "entitled to prevail as a matter of law."
The court reviews decisions of the department under ORS 306.115 for abuse of discretion. ADC Kentrox II v. Dept. of Rev.,19 OTR 340, 344 (2007). This means that the department will prevail in its motion, and ultimately prevail in this case, unless the court determines that the department "acted capriciously or arrived at a conclusion which was clearly wrong" when it denied taxpayer's petition to order the assessor to reduce the MAV of the property. ResolutionTrust Corp. v. Dept. of Rev.,13 OTR 276, 278-79 (1995) (internal quotations omitted). In making this determination, the court is limited to the record before the department.[4] Id. at 279. *Page 5 
Taxpayer does not appear to contest the factual conclusions reached by the department in its conference decision. For reasons that are discussed below, the department's legal conclusions were not "clearly wrong." The court is therefore primarily concerned with whether the department "acted capriciously" in denying taxpayer's petition. That is to say that the primary question is whether the department acted in a way that was "lacking a standard or norm." Webster's Third New Int'lDictionary, 333 (unabridged ed 2002).
A. Denial of taxpayer's petition with regard to the2004-05 and 2005-06 tax years
The court first considers the department's denial of taxpayer's petition with regard to the tax years 2004-05 and 2005-06. In denying taxpayer's petition with regard to those years, the department relied on a standard articulated in ORS 306.115 itself. (Def's Ex A at 2.) That statute reads, in pertinent part:
 "(1) * * * [T]he department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section.
 "* * * * *
 "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax
year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal.
 "* * * * *
 "(5) For purposes of this section, "current tax year" means the tax year in which the need for the change or correction is brought to the attention of the department."
(Emphasis added.) Taxpayer filed his petition with the department on September 15, 2008. (Def's Ex B at 1.) There is no indication in the record that the department was aware of any of *Page 6 
the facts of this case before that time. Therefore, the "current tax year" for purposes of ORS 306.115(3) — the year the property tax discrepancy and the underlying error were first brought to the department's attention — is the 2008-09 tax year. The "two tax years immediately preceding" are therefore the 2007-08 and 2006-07 tax years. Outside of these three tax years the department had no authority to order the assessor to correct errors in the rolls. The department's denial of taxpayer's petition with regard to the 2004-05 and 2005-06 tax years was thus in strict compliance with the terms of ORS 306.115. The department therefore did not abuse its discretion by denying taxpayer's petition with regard to those tax years.
B. Denial of taxpayer's petition with regard to the2006-07 and 2007-08 tax years
The court now turns to the department's denial of taxpayer's petition with regard to the 2006-07 and 2007-08 tax years.[5]
ORS 306.115(3) states that the department may order changes to the assessor's rolls for the current tax year and the two preceding tax years "at its discretion." Pursuant to ORS 305.100, the department may adopt rules "to regulate its own procedure." One such rule, OAR 150-306.115, articulates the standard the department uses in exercising its discretion under ORS 306.115.[6] Taxpayer does not challenge the validity of this rule.
OAR 150-306.115 states that the department will deny a petition under ORS 306.115 unless the department determines that there is an error in the tax roll. OAR 150-306.115(5)(a). This requirement must be met for each tax year that a taxpayer seeks to have the tax roll corrected. OAR 150-306.115(5). Phrased differently, the department will deny a petition to *Page 7 
correct the assessor's rolls for a particular tax year unless the department determines that the assessor erred in compiling the rollsin that tax year.
However, before the department attempts to determine whether an error actually occurred in a particular tax year, the department first seeks to determine whether an error likely occurred in that tax year. OAR 150-306.115(3). If the department does not find that an error is likely, the department will deny the petition. Id. The department will determine that an error is likely if, among other things, the parties to the petition agree to facts that indicate that an error is likely. Id.[7]
In its conference decision the department concluded that while taxpayer and the department agreed that an error had occurred in determining the MAV of the subject property, that error occurred on the assessor's rolls for the 2000-01 tax year. (Def's Ex A at 2.) Because the department's authority to order corrections to the tax rolls is limited to "the current tax year and * * * the two tax years immediately preceding," the department rightly concluded that correcting the assessor's rolls for 2000-01 tax year was beyond the limits of its authority under ORS 306.115.
The department further concluded that the parties to the petition did not agree to facts that indicated likely errors in compiling the assessor's rolls for either of the tax years 2006-07 or 2007-08. It is not entirely clear on the record before the court whether the parties simply failed to agree to any facts or whether the parties actually agreed to facts that showed errors to be positively unlikely. In its conference decision the department simply states, "[t]he MAV of the *Page 8 
subject property for the 2006-07 and 2007-08 tax years was calculated in accordance with ORS 308.146 and the Oregon Constitution." (Def's Ex A at 2.)
Phrased another way, the department concluded that while there had been an error in determining the MAV of the subject property, that error occurred on the rolls for a tax year that the department no longer had the authority to correct. Insofar as the parties agreed to any facts regarding the tax years that the department did have authority to correct, those facts strongly indicate that there was no error in determining the MAV of the subject property in those tax years
because those facts would tend to show that the assessor correctly applied the proper statutory and constitutional guidelines for determining MAV in those tax years. The department's denial of taxpayer's petition as to the 2006-07 and 2007-08 tax years was therefore consistent with the standards articulated in OAR 150-306.115 and was not an abuse of discretion.
In holding that the department did not abuse its discretion in denying taxpayer's petition, the court has disposed of the only legal issue presented by the facts pleaded in taxpayer's complaint. However, the court recognizes that on a more fundamental level taxpayer's grievance is that the MAV of the subject property has been — and for the foreseeable future will continue to be — pegged higher than that of nearby, substantially identical houses.[8] The court further recognizes that this is an unenviable position for taxpayer to find himself in. However, this is exactly the outcome that Article XI, section 11 of the Constitution of Oregon — commonly known as Measure 50 — contemplates by relying on the MAV of any given property in the immediately *Page 9 
preceding tax year to determine the Assessed Value of that property in the current tax year and by exempting ad valorem property tax from the uniformity requirements of Article I, section 32, and Article IX, section 1. See Ellis v. Lorati, 14 OTR 525, 535 (1999). Consequently, the power to remedy taxpayer's predicament lies not with the court or the department, but with the Legislative Assembly and the people of Oregon.
 V. CONCLUSION
The authority of the department to order a reduction in the MAV of the property was limited to the 2006-07, 2007-08, and 2008-09 tax years. The department's denial of taxpayer's petition with respect to the 2004-05 and 2005-06 tax years was therefore not an abuse of discretion.
The department's denial of taxpayer's petition with regard to the 2006-07 and 2007-08 tax years was consistent with the rule the department has adopted for determining when to exercise its supervisory authority under ORS 306.115. The department did not "act capriciously" in denying taxpayer's petition with regard to those tax years and therefore did not abuse its discretion. Now, therefore,
IT IS ORDERED that the motion of Defendant for summary judgment is granted. As this was the only issue presented in Plaintiff's complaint;
IT IS FURTHER ORDERED that Plaintiff's complaint is dismissed.
Dated this ___ day of June, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] A copy of the stipulated facts, signed by taxpayer and by counsel for the department, is included as an attachment to this order.
[3] In the section of taxpayer's petition listing the tax years for which taxpayer sought relief, taxpayer states "2007, 2006, 2005, 2004." The department apparently understood this to indicate that taxpayer sought corrections to the rolls for each of the tax years 2004-05, 2005-06, 2006-07, and 2007-08. This interpretation seems reasonable because providing taxpayer with the relief he requests in each of the calendar years listed would require corrections in the tax rolls for each of those tax years.
[4] Because the court is limited to the record before the department, the court is also limited to the tax years that were before the department at the supervisory conference. This bears mentioning because during proceedings in the Magistrate Division taxpayer evidently sought to bring the tax years 2008-09 and 2009-10 before the court. SeeNaidj v. Washington County Assessor, TC-MD No 091268D at 2 (Sept 13, 2010).
[5] As stated above, though taxpayer filed his petition during the 2008-09 tax year, taxpayer's petition to the department requested that the department reduce the MAV of the subject property only in the years "2007, 2006, 2005, [and] 2004."
[6] All references to the Oregon Administrative Rules (OAR) are to the 2007 edition.
[7] The department will also determine that an error is likely if certain "extraordinary circumstance[s] indicating a likely error" exist. OAR 150-305.116(4)(b)(B). However, in his petition to the department taxpayer indicated that the basis of his appeal was that the parties to the petition agreed to "facts indicating likely error." (Def's Ex B at 1.)
[8] The legislature has enacted a statute to address the effects that errors in determining the square footage of property can have on the MAV of property. ORS 311.234 permits a county assessor to correct the MAV of property when a taxpayer petitions for such a correction and there is a "demonstrated difference" between the actual square footage of the property and the square footage of the property as shown in the property tax records for the current tax year. Unfortunately for taxpayer, relief under ORS 311.234 requires a "demonstrated difference" in square footage between the actual square footage of the subject property and that listed in the property tax records for the current tax year. As discussed above, a previous owner of the subject property corrected the square footage error that ultimately gave rise to this case during the 2004-05 tax year. That owner did not, however, seek a reduction of the MAV of the subject property.
 *Page 1